1  E. JEFFREY GRUBE (SB# 167324) jeffgrube@paulhastings.com
   KERRI N. HARPER (SB# 217377) kerriharper@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street
3  Twenty-Fourth Floor
   San Francisco, CA 94105-3441
4  Telephone: (415) 856-7000
   Facsimile: (415) 856-7100
5
   Attorneys for Defendant
6  UNITED PARCEL SERVICE, INC.

ORIGINAL FILED
JAN 16 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10             OAKLAND DIVISION

12  MARK HARRIS,                          Case No. C08-00315 MEJ
13         Plaintiff,                     [Alameda County Superior Court Case No.
                                          RG07353967]
14  vs.
                                          **NOTICE OF REMOVAL TO FEDERAL
15  UNITED PARCEL SERVICE, INC., an       COURT BY DEFENDANT UNITED
    Ohio Corporation; Tony Agenjo; Kimberly PARCEL SERVICE, INC.**
16  Muniz; and DOES ONE through ONE
    HUNDRED, inclusive,
17
           Defendants.

Case No.                                                DEFENDANT'S NOTICE OF REMOVAL
LEGAL_US_W # 57958104.3

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J. MEHLMAN, MARC L. TERBEEK, AND MEHLMAN & TERBEEK LLP:

PLEASE TAKE NOTICE THAT Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Petitioner/Defendant") hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), for the reasons stated below:

1. On or about October 30, 2007, plaintiff Mark Harris ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Alameda entitled: "*Mark Harris v. United Parcel Service, Inc., et al.*," designated as Case No. RG07363967. The Complaint alleges the following seven purported causes of action: (1) negligence/negligent infliction of emotional distress; (2) retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (3) discrimination in violation of FEHA; (4) discrimination in violation of the Unruh Act; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; and (7) unfair business practices against UPS, and individual defendants Kim Muniz and Tony Agenjo. A copy of the Summons and Complaint are attached as Exhibit "A" to the Declaration of Kerri N. Harper ("Harper Declaration").

2. On December 18, 2007, Plaintiff, through his counsel, caused a copy of the Summons and Complaint to be served on UPS. *See* Harper Decl. ¶ 2. A copy of the Summons and Complaint is attached as Exhibit "A" to the Harper Declaration. *See id.* The Complaint is the initial pleading setting forth the claims for relief upon which this action is based and may be removed. No other initial pleadings were received by UPS prior to December 18, 2007. Accordingly, this Notice of Removal is being filed within thirty days after receipt by UPS of the initial pleading and is timely filed pursuant to 28 U.S.C. Section 1446(b).

3. Defendant filed and served its Answer to Unverified Complaint on January 15, 2008. A copy of the Answer is attached as Exhibit "B" to the Harper Declaration. *See* Harper

1  Decl. ¶ 4. Defendant also served Plaintiff with a Notice of Deposition and Request for
2  Production of Documents on January 8, 2006. A copy of these documents is attached as Exhibit
3  "C" to the Harper Declaration. *See* Harper Decl. ¶ 4.
4      4.    Individual defendants Muniz and Agenjo have not been properly served
5  with the Complaint. *See* Harper Decl. ¶ 3.
6      5.    Defendants Does 1 through 100 are unnamed and unknown, and, therefore,
7  have not been served with Plaintiff's Summons and Complaint. *See* Harper Decl. ¶ 3.
8      6.    In accordance with U.S.C. section 1446(d), UPS will, promptly after filing
9  the Notice of Removal, give written notice of the Notice of Removal to the adverse party and will
10 file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of
11 California for the County of Alameda. Copies of these Notices are attached as Exhibits "D" and
12 "D", respectively, to the Harper Declaration. Proof of Service of the Notice To State Court Clerk
13 of Filing of Notice of Removal to Federal Court and the Notice to Adverse Party of Removal to
14 Federal Court will be filed with this Court immediately after the Superior Court filing is
15 accomplished. Harper Decl. ¶ 5. Exhibits A-D constitute all process, pleadings and orders served
16 on or by Defendant in this action. Harper Decl. ¶¶ 2—5.

### DIVERSITY-OF-CITIZENSHIP JURISDICTION

18     7.    The Complaint, and each alleged cause of action contained therein, may be
19 properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action
20 between citizens of different states and the matter in controversy exceeds the sum of $75,000,
21 exclusive of interest and costs. 28 U.S.C. § 1332.
22     (a)    UPS is informed and believes, and on that basis alleges, that
23 Plaintiff is now, and was at the time this action was commenced, a citizen of the State of
24 California within the meaning of 28 U.S.C. Section 1332(a), because his place of residence and
25 domicile is and was within the State of California. *See* Compl. ¶ 1 (alleging that Plaintiff is
26 currently and at all times mentioned herein has been, a resident of the County of Alameda, State
27 of California).
28

(b) UPS is now, and was at the time this action was commenced, a citizen of the State of Ohio within the meaning of 28 U.S.C. Section 1332(c)(1), because it is now and was at all material times incorporated under the laws of the State of Ohio, and now has and has had its principal place of business in the State of Georgia. *See* Harper Decl. ¶ 7.

(c) Muniz and Agenjo are now, and were at the time this action commenced, UPS employees. Kim Muniz is the Center Manager in Oakland, California. Tony Agenjo is Division Manager in Sunnyvale, California. Harper Decl. ¶ 8. Individual defendants Muniz and Agenjo, although citizens of the State of California, are sham defendants because, as set forth below, they cannot be held liable for any of the causes of action asserted against them in Plaintiff's Complaint. Accordingly, their presence does not destroy diversity. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (former employee failed to state a cause of action under California law against his individual supervisors; thus their joinder as defendants did not destroy diversity); *Scopas v. Armstrong World Indus.*, 114 L.R.R.M. (BNA) 2933, 2934-35 (C.D. Cal. 1983), *aff'd*, 770 F.2d 171 (9th Cir. 1985) (discharged employee's joinder of former supervisor as a non-diverse party was fraudulent; plaintiff could state no valid cause of action against him).

(d) The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

8. Plaintiff asserts seven causes of action against Muniz and Agenjo: (1) negligence/negligent infliction of emotional distress; (2) retaliation in violation of FEHA; (3) discrimination in violation of FEHA; (4) discrimination in violation of the Unruh Act, CAL. CIV. CODE § 51; (5) wrongful termination in violation of public policy; (6) intentional infliction of emotional distress; and (7) unfair business practices in violation of California Business and Professions Code sections 17200, *et seq.* For the reasons set forth below, Muniz and Agenjo cannot be held liable for any of these claims.

9. Plaintiff's First Cause of Action against Muniz and Agenjo for negligence/negligent infliction of emotional distress (*see* Compl. ¶¶ 20—22) fails for the following reasons:

(a) Under California law, co-workers and supervisors cannot be held liable in tort for personnel-related actions. *Sheppard v. Freeman*, 67 Cal. App. 4th 339, 345-46 (1998) (because *respondent superior* allocates liability for actions such as reviews, criticisms, demotions, transfers and discipline to the employer, individual co-workers cannot be held liable in tort for these type of personnel-related actions). Here, the allegations against Muniz and Agenjo—issuing written notices of termination to Plaintiff—are core "personnel" functions, and therefore cannot form the basis for individual tort liability.

(b) Plaintiff's claim for negligent infliction of emotional distress is barred by the exclusive remedy provisions of California's workers' compensation laws. *See Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713—14 (1994); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155-56 (1987). When the misconduct in question is "a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." *Cole*, 43 Cal. 4th at 160. According to Plaintiff's own allegations, the conduct in which Muniz and Agenjo allegedly engaged arose out of and was inexorably intertwined with Plaintiff's employment relationship with UPS. Thus, Plaintiff's claim for negligence/negligent infliction of emotional distress is barred by California's workers' compensation laws.

(c) Finally, Plaintiff fails as a matter of law to state a claim for negligence/negligent infliction of emotional distress because he cannot establish the requisite showing that Muniz' and Agenjo's conduct was negligent. In the context of employment termination, "[i]t is clear . . . that there [is] no duty not to discharge defendants and that any actions by the employer [is] intentional, not negligent. An employer's supervisory conduct is

inherently 'intentional.'" *Semore v. Pool*, 217 Cal. 3d 1087, 1105 (1990) (internal quotes omitted).

10. Plaintiff's Second Cause of Action against Muniz and Agenjo alleges that Plaintiff was discharged in retaliation for seeking a reasonable work accommodation in violation of FEHA. *See* Compl. ¶¶ 23—25. This claim fails for the following reasons:

(a) To state a claim for retaliation, a plaintiff must allege that he suffered adverse employment action because he engaged in protected conduct by either (a) opposing unlawful practices or (b) participating in legal proceedings. *See* CAL. GOV'T CODE § 12940(h). Plaintiff alleges that he sought "modified duties from UPS." *See* Compl. ¶ 10. But requesting an accommodation is neither "opposing unlawful practices" nor "participating in legal proceedings." It is, indeed, one step removed from either.[1] Plaintiff merely alleges that he notified UPS that he may need reasonable accommodation. He does not allege any *complaint* of *unlawful* conduct. *See id.* Nor does he allege that he was retaliated against because of such a complaint. *See Workman v. Frito Lay, Inc.*, 165 F. 3d 460, 470 (6th Cir. 1999) ("[D]efendant's position concerning plaintiff's ability to return to work with or without accommodation remained essentially the same before and after she filed the EEOC charge. Thus, there was no evidence that plaintiff suffered any adverse action as a result of having filed the EEOC charge, and the district court properly granted judgment as a matter of law to defendant on this claim.").

(b) Furthermore, Plaintiff has not alleged that he requested a reasonable work accommodation from Muniz or Agenjo, or that Muniz or Agenjo knew he had made a request for reasonable work accommodation. *See* Compl. ¶¶ 10—13. Without knowledge that Plaintiff was seeking reasonable work accommodations, Muniz or Agenjo could not have

---

[1] *Cf. Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) (extensively discussing the differences between "discrimination," "retaliation," and "interference" under the FMLA; holding that plaintiff's claim fell under the FMLA's "interference" provision (which prohibits using FMLA leave as a negative factor in employment decisions) *only*, and not under the FMLA's anti-retaliation provision (which — mirroring the FEHA's anti-retaliation provision — prohibits "discrimination against any individual for opposing any practice made unlawful by the subchapter," or "for instituting or participating in FMLA proceedings or inquiries") (citations and internal quotations omitted). The same result applies here. The retaliation provision of the FEHA does not cover Plaintiff's allegations of failure to reasonably accommodate.

retaliated against Plaintiff for such action. *Morgan v. Regents of the Univ. of Cal.*, 88 Cal. App. 4th 52, 73 (Cal. Ct. App. 2000) ("In the absence of evidence that the individuals who denied appellant employment were aware of his past filing of a grievance, the causal link necessary for a claim of retaliation can not be established.").

11. Plaintiff's Third Cause of Action for disability discrimination in violation of FEHA alleges that Muniz and Agenjo discriminated against him by failing to provide him with reasonable work accommodation and by terminating his employment. *See* Compl. ¶¶ 26, [sic] 24—25, p. 5, lines 16—28. This claim fails as a matter of law as to Muniz and Agenjo because individual managers or co-workers cannot be held personally liable for alleged discriminatory conduct in personnel actions under the FEHA. *Reno v. Baird*, 18 Cal. 4th 640, 645, 663 (1998) (concluding that "making an individual employee personally liable for personnel decisions would place a supervisory employee in a direct conflict of interest with his or her employer every time that supervisory employee was faced with a personnel decision;" "individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts."); *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (affirming dismissal of individual defendants following sustaining of demurrer; holding that individual employees were not liable for age discrimination under the FEHA because "it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory" and "the remedy is a suit against the employer for discrimination").

12. Plaintiff's Fourth Cause of Action against Muniz and Agenjo for violation of the Unruh Civil Rights Act, California Civil Code Section 51, (*see* Compl. ¶¶ 27—30) fails because the Unruh Civil Rights Act does not apply to employer-employee relationships. *Rojo v. Kliger*, 52 Cal. 3d 65, 77 (1990). The California Legislature's concurrent enactment of the FEHA indicates a "legislative intent to exclude the subject of discrimination in employment from the [Unruh] act." *Alcorn v. Anbro*, 2 Cal. 3d 493, 500 (1970).

13. Plaintiff's Fifth Cause of Action against Muniz and Agenjo for wrongful discharge in violation of public policy (*see* Compl. ¶¶ 31—33) fails as a matter of law because

that claim is cognizable only against the employer. *See, e.g., Reno*, 18 Cal. 4th at 664 ("It would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric. Because plaintiff may not sue Baird as an individual supervisor under the FEHA, she may not sue her individually for wrongful discharge in violation of public policy.") (citations omitted); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576, 74 Cal. Rptr. 2d 29 (1998) (holding that plaintiff's supervisor "did not commit the tort of wrongful discharge in violation of public policy because the tort has its basis in the employer-employee relationship and [the supervisor] was not plaintiff's employer."); *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1315, 54 Cal. Rptr. 2d 462 (1996) ("[T]he duty on which the tort [of wrongful termination in violation of public policy] is based is a creature of the employer-employee relationship, and the breach of that duty is the employer's improper discharge of an employee otherwise terminable at the will or whim of the employer. There is nothing in *Foley* or any other case we have found to suggest that this tort imposes a duty of any kind on anyone other than the employer.") (citation omitted).

(a)   Moreover, Plaintiff's purported claims for wrongful termination in violation of public policy fail as a matter of law against Muniz and Agenjo because it is well established that managers, agents or representatives of employers are shielded from liability when it is alleged that they are acting within the course and scope of their employment. *McCabe*, 811 F.2d at 1339 ("[I]t is clear that 'if an adviser is motivated in part by a desire to benefit his principal,' his conduct is, under California law, privileged.") (citation omitted); *Becket v. Welton Becket and Assocs.*, 39 Cal. App. 3d 815, 822-23, 114 Cal. Rptr. 531 (1974) (discussing the managerial privilege; acts within the course and scope of managerial employees' employment are those of the company). Plaintiff expressly alleges in the Complaint that, at all times relevant, Muniz and Agenjo were acting within the course and scope of their employment. Compl. ¶ 7. Nowhere in the Complaint does Plaintiff contend otherwise.

(b)   Again, to the extent that Plaintiff claims that Muniz and Agenjo acted in violation of public policy by terminating him in retaliation for exercising his rights to seek reasonable accommodation, the claim fails because Plaintiff has not alleged that he

1  requested reasonable accommodation from Muniz or Agenjo, or that Muniz or Agenjo was aware
2  of his requests for reasonable accommodation. *Morgan*, 88 Cal. App. 4th at 73.
3       14.    Plaintiff's Sixth Cause of Action against Muniz and Agenjo for intentional
4  infliction of emotional distress (*see* Compl. ¶¶ 75-77) fails for the following reasons:
5       (a)    Under California law, co-workers and supervisors cannot be held
6  liable in tort for personnel-related actions. *Sheppard*, 67 Cal. App. 4th at 345-46 (under
7  *respondent superior*, individual co-workers cannot be held liable in tort for these type of
8  personnel-related actions). Here, the allegations against Agenjo and Muniz— issuing written
9  notices of termination—are core "personnel" functions, and therefore cannot form the basis for
10 individual tort liability.
11      (b)    Plaintiff's claim for intentional infliction of emotional distress is
12 barred by the exclusive remedy provisions of California's workers' compensation laws. *See Cole*,
13 43 Cal. 3d at 155-56. When the misconduct in question is "a normal part of the employment
14 relationship, such as demotions, promotions, criticism of work practices, and frictions in
15 negotiations as to grievances, an employee suffering emotional distress causing disability may not
16 avoid the exclusive remedy of the Labor Code by characterizing the employer's decisions as
17 manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in
18 disability." *Id.* at 160. According to Plaintiff's own allegations, the conduct in which Muniz and
19 Agenjo engaged arose out of and was inexorably intertwined with Plaintiff's employment
20 relationship with UPS. *See* Compl. ¶¶ 7, 11—13. Thus, Plaintiff's claim for intentional infliction
21 of emotional distress is barred by California's workers' compensation laws.
22      (c)    Finally, Plaintiff fails as a matter of law to state a claim for
23 intentional infliction of emotional distress because he cannot establish the requisite showing that
24 Muniz' and Agenjo's conduct was so "extreme and outrageous . . . as to exceed all bounds of that
25 usually tolerated in a civilized society." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).
26 "[I]t is not enough that the defendant has acted with an intent which is tortious or even criminal,
27 or that he has intended to inflict emotional distress, or even that his conduct has been
28 characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive

damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 496. (internal quotations omitted). Under this standard, the conduct alleged by Plaintiff here—that Muniz and Agenjo issued written notices of termination to Plaintiff—is insufficient as a matter of law to establish a claim of intentional infliction of emotional distress. *See McCabe*, 811 F.2d at 1339 (in action for intentional infliction of emotional distress, domicile of supervisor ignored where claim fails to state requisite degree of outrageousness).

15. Plaintiff's Seventh Cause of Action against Muniz and Agenjo for unfair business practices in violation of California Business and Professions Code sections 17200, *et seq.*, (*see* Compl. ¶¶ 37—41) fails because the success of Plaintiff's claim under sections 17200, *et seq.*, depends upon the success of his other six causes of action, which, as explained above, fail as a matter of law. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) ("Virtually any law federal, state, or local can serve as a predicate for an action under Business and Professions Code, section 17200. Thus, it is fairly said that section 17200 borrows violations of other laws and treats them as unlawful practices independently actionable under the unfair competition law.") (citations and quotation marks omitted).

16. "If the Plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339 (citation omitted). Accordingly, for purposes of removal, the citizenship of Muniz and Agenjo should be disregarded.

17. Plaintiff's Complaint seeks an unspecified amount of general, special, and punitive damages, and costs and attorneys' fees in connection with the cause of action set forth in his Complaint. *See* Compl. ¶¶ 42—45. Plaintiff's failure to specify in his Complaint the amount of damages he seeks, however, does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining .

1  .. to place a specific dollar value upon its claim."). Based on the nature of the allegations and the
2  damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of
3  costs and interests. *See* Harper Decl. ¶ 9. In determining whether a complaint meets the $75,000
4  threshold of 28 U.S.C. Section 1332(a), a court may consider the aggregate value of claims for
5  compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life*
6  *Ass. Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5 (1943) ("Where both actual and punitive damages are
7  recoverable under a complaint each must be considered to the extent claimed in determining
8  jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th
9  Cir.) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine
10 jurisdictional amount).

11         18.    Because Plaintiff and UPS are citizens of different states, and the Court
12 may disregard the citizenship of Muniz and Agenjo and the Doe defendants, there is complete
13 diversity between the parties. Further, because there is complete diversity and because the
14 amount in controversy threshold is met, the requirements for removal under 28 U.S.C.
15 Sections 1332(a) and 1441(a) are satisfied.

### INTRADISTRICT ASSIGNMENT

17         19.    Pursuant to Local Rule 3-2(c), this action should be removed to the United
18 States District Court for the Northern District of California, Oakland district, because a
19 substantial part of the events which allegedly gave rise to this claim occurred in Oakland,
20 California. *See* Harper Decl. ¶ 6.

21         WHEREFORE, UPS removes the above-entitled action now pending in the
22 Superior Court of the State of California for the County of Alameda to this Court.

Case No.                                    -11-            DEFENDANT'S NOTICE OF REMOVAL
LEGAL_US_W # 57958104.3

| | |
|---|---|
| DATED: January 16, 2008 | E. JEFFREY GRUBE<br>KERRI N. HARPER<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>By: _/s/ Kerri N. Harper_<br>　　　　KERRI N. HARPER<br><br>Attorneys for Defendant<br>UNITED PARCEL SERVICE, INC. |