E. JEFFREY GRUBE (SB# 167324) jeffgrube@paulhastings.com
KERRI N. HARPER (SB# 217377)  kerriharper@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

E-filing

ORIGINAL
FILED

JAN 1 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., an Ohio Corporation; Tony Agenjo; Kimberly Muniz; and DOES ONE through ONE HUNDRED, inclusive,<br><br>Defendants. | Case No.  C08-00315 MEJ<br><br>[Alameda County Superior Court Case No. RG07353967]<br><br>**DECLARATION OF KERRI N. HARPER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |

ADR

DECLARATION OF KERRI N. HARPER ISO
REMOVAL TO FEDERAL COURT

1        I, Kerri N. Harper, declare and state as follows:

2        1.      I am an attorney licensed by the Bar of the State of California, and I am

3   admitted to practice before this Court. I am an associate with the law firm of Paul, Hastings,

4   Janofsky & Walker, counsel of record for Defendant United Parcel Service, Inc. ("UPS"), and I

5   am one of the attorneys responsible for the defense of this action. I have personal knowledge of

6   the facts set forth in this Declaration, and if called to testify under oath, could and would testify

7   competently thereto.

8        2.      On October 30, 2007 Plaintiff Mark Harris filed his Complaint entitled:

9   "*Mark Harris v. United Parcel Service, Co., Tony Agenjo, Kimberly Muniz, and Does 1-100,*

10  *inclusive*". A true and correct copy of the Summons and Complaint is attached as Exhibit A. On

11  December 18, 2007, Plaintiff served UPS with a copy of his Complaint.

12       3.      Individual Defendants Kim Muniz and Tony Agenjo have not been

13  properly served with copies of the Summons and Complaint, and have not been served with any

14  other process, pleadings or orders. DOES Defendants 1 through 50 are unnamed and unknown.

15       4.      On January 15, 2008, prior to filing its Removal, Defendant filed its

16  Answer in the Superior Court of California for the County of Alameda. A true and correct copy

17  of the Answer is attached hereto as Exhibit B. Defendant has also served a Notice of Deposition

18  and Request for Production of Documents to Plaintiff on January 8, 2006. A true and correct

19  copy of the Notice of Deposition and Request for Production of Documents is attached hereto as

20  Exhibit C. Plaintiff's Complaint and UPS's Answer, Notice of Deposition, and Request for

21  Production of Documents are the only pleadings and documents on file in this matter.

22       5.      Notice of this removal is being given both to the adverse parties and to the

23  State Court pursuant to 28 U.S.C. section 1446(d). A true and correct copy of Defendant's Notice

24  to State Court Clerk of Filing of Notice of Removal of Action to Federal Court is attached hereto

25  as Exhibit D. A true and correct copy of Defendant's Notice to Adverse Parties of Filing of

26  Notice of Removal of Action to Federal Court is attached hereto as Exhibit E. Proof of service of

27  the Notice to State Court Clerk of Filing of Notice of Removal of Action to Federal Court and the

28  Notice to Adverse Parties of Filing of Notice of Removal of Action to Federal Court will be filed

1    with this Court shortly after the Superior Court filing and service upon the adverse parties are

2    accomplished.

3              6.       Based on UPS's investigation, I am informed and believe that the Plaintiff

4    is and was at the time this action was filed a citizen of California within the meaning of 28 U.S.C.

5    Section 1332(a), because that is where his residence and domicile are located.  In addition, in

6    Plaintiff's Department of Fair Employment and Housing ("DFEH") complaint he lists his address

7    as "820 Bridge Street, San Leandro, California 94577."  The DFEH Complaint indicates that

8    Plaintiff worked at UPS' Oakland location.  A true and correct copy of Plaintiff's DFEH

9    Complaint is attached hereto as Exhibit F.

10             7.       I am informed and believe that UPS is and was, at the time this action was

11   commenced, a citizen of the State of Ohio and the State of Georgia within the meaning of 28

12   U.S.C. section 1332 (c)(1), because it is now, and was at the time this action was commenced,

13   incorporated under the laws of the State of Ohio and now has and has had its principal place of

14   business in the State of Georgia.

15             8.       I am informed and believe that the individual defendants Agenjo and

16   Muniz are now and were, at the time this action was commenced, citizens of the State of

17   California within the meaning of 28 U.S.C. section 1332(a), because their places of residence and

18   domicile are and were in the State of California.  Muniz and Agenjo are now, and were at the time

19   this action commenced, UPS employees.  Muniz is a Center Manager in Oakland, California.

20   Agenjo is Division Manager in Sunnyvale, California.  The citizenship of Muniz and Agenjo is

21   irrelevant as they appear to have been added solely to defeat diversity, because no legally

22   cognizable claim can be asserted against them.

23             9.       Plaintiff alleges in his Complaint that while employed by UPS, UPS and/or

24   its management personnel allegedly discriminated and retaliated against him.  Plaintiff also

25   alleges that he is entitled to attorneys' fees by statute as well as punitive damages and emotional

26   distress damages.  I am informed that in 1999, our firm surveyed every published decision from

27   1980 through October 31, 1998, where discrimination or retaliation was found and emotional

28   distress and/or punitive damages were awarded.  Both the median and average emotional distress

Case No.                                                    -3-        DECLARATION OF KERRI N. HARPER ISO
LEGAL_US_W # 57958101.2                                                    REMOVAL TO FEDERAL COURT

1   and punitive damages awards were $75,000 or higher. Because Plaintiff seeks these types of

2   damages in his Complaint, and because Plaintiff seeks attorneys' fees and economic damages as

3   well, it is more likely than not that the amount placed in controversy by Plaintiff's Complaint is

4   above the jurisdictional minimum of this Court. *See Sanchez v. Monumental Life Ins. Co.*, 95

5   F.3d 856, 860 (9th Cir. 1996) (defendant must show that the amount in controversy "more likely

6   than not" exceeds the jurisdictional amount of the Court).

7           I declare under penalty of perjury under the laws of the State of California and the

8   United States of America that the foregoing is true and correct.

9           Executed on January 16, 2008, at San Francisco, California.

10

11                                                        _____

12                                                              KERRI N. HARPER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

EXHIBIT A

Fax Server          11/30/2007 12:08:37 PM    PAGE    1/001    Fax Server

10/30/2007  13:13    9259351789         MEHLMAN TERBEEK LLP         PAGE  04

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
UNITED PARCEL SERVICES, INC. an Ohio Corporation
Tony Agento, Kimberly Muniz, and DOES ONE
through ONE HUNDRED, inclusive,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE):
MARK HARRIS

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY
October 30, 2007
CLERK OF
THE SUPERIOR COURT
By Denise Wells, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: (El nombre y dirección de la corte es): | (Número del Caso): RG07353967 |
|---|---|

ALAMEDA COUNTY SUPERIOR COURT
1225 FALLON STREET
OAKLAND, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
MARC L. TERBEEK, ESQ. (SBN 166098)    MEHLMAN TERBEEK LLP
2125 OAK GROVE ROAD, SUITE 125
WALNUT CREEK, CA 94598
DATE:                                    Clerk, by                          , Deputy
(Fecha)  October 30, 2007               (Secretario)  Damian DeWelle      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.  EMPloYer
2. [ ] as the person sued under the fictitious name of (specify):
        UNITED PARCEL SERVICE
3. [X] on behalf of (specify): UNITED Parcel SERVICE INC
   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [X] other (specify): EmploYer
4. [X] by personal delivery on (date): 12-13-07

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Fax Server          11/30/2007 12:08:18 PM     PAGE    1/001    Fax Server

10/30/2007  13:13    9259351789           MEHLMAN TERBEEK LLP              PAGE   02

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MARC L. TERBEEK (SBN 166098)<br>MEHLMAN TERBEEK LLP<br>2125 OAK GROVE ROAD, SUITE 125<br>WALNUT CREEK, CA 94598<br>TELEPHONE NO: (925) 935-3575   FAX NO: (925) 935-1789<br>ATTORNEY FOR (Name): MARK HARRIS | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 30, 2007<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Denise Wells, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME:

| CASE NAME:   MARK HARRIS v. UNITED PARCEL SERVICE | CASE NUMBER:<br>RG07353967 |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited     [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):   SEVEN (7)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date:   OCTOBER 30, 2007
MARC L. TERBEEK
(TYPE OR PRINT NAME)                    ▶            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Martin Dean's
ESSENTIAL FORMS™

Fax Server          11/30/2007 12:07:58 PM   PAGE   2/002   Fax Server

10/30/2007  13:13   9259351789           MEHLMAN TERBEEK LLP              PAGE  05

STEVEN J. MEHLMAN, ESQ., SBN 95881
MARC L. TERBEEK, ESQ. SBN: 166098
MEHLMAN ✚ TERBEEK LLP
2125 Oak Grove Road, Suite 125
WALNUT CREEK, CA 94598
(925) 935-3575 (Tel)
(925) 935-1789 (Fax)

Attorneys for Mark Harris

**FILED BY FAX**
ALAMEDA COUNTY
October 30, 2007
CLERK OF
THE SUPERIOR COURT
By Denise Wells, Deputy
CASE NUMBER:
**RG07353967**

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF ALAMEDA

| | |
|---|---|
| MARK HARRIS, | Case No: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| UNITED PARCEL SERVICE, INC., an Ohio Corporation; Tony Agenjo; Kimberly Muniz; and DOES ONE through ONE HUNDRED, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, a 20 year UPS employee with good work record who became disabled as a Driver due to an industrial injury, but who was nonetheless capable of performing the duties of other available positions at UPS, was wrongfully terminated in violation of UPS written guidelines requiring re-assignment of injured workers where possible. Such wrongful termination was in violation of state statutes, common law and public policy in that it was motivated by animus toward Plaintiff's disability and/or race, and deprived Plaintiff of equal accommodations.

As a result of Defendants' conduct as alleged herein, Plaintiff has suffered past and future wage loss and loss of earning capacity in excess of $1.5 million through his anticipated retirement at age 67, loss of additional job-related benefits in excess of $500,000, and severe emotional distress, all of which will be established according to proof at trial.

-1-

## II. PARTIES AND THEIR RELATIONSHIPS

1.      Plaintiff Mark Harris (Plaintiff) is, and at all times relative to this action was, a resident of the County of Alameda, State of California

2.      Defendant United Parcel Service, Inc. (UPS) is, and at all times relevant to this action was, a corporation duly organized under the laws of the State of California, with it principal place of business in Ohio.

3.      Plaintiff, a United States and California citizen of African American descent, was, at all times relevant to this action and up until his effective termination, employed by Defendant UPS, most recently as a Driver.

4.      Defendant Tony Agenjo is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Alameda, State of California.

5.      Defendant Tony Agenjo is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Contra Costa, State of California.

6.      Defendant Kimberly Muniz is, and at all times relevant to this action was, employed in a supervisory position with UPS, and resident of the County of Contra Costa, State of California.

7.      Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein is an agent, employee or servant of the other defendants, and in committing the acts alleged herein did so at the direction, and with the authorization and/or ratification of the other defendants.

8.      . The true names of DOE Defendants ONE through ONE HUNDRED are presently unknown to Plaintiff, who thereby sues said defendants by such fictitious names in accordance with the provision of CCP Section 474. Plaintiff is informed and believes, and on that basis alleges that each such DOE defendant is responsible in some manner for the harm he has suffered by the conduct alleged herein. When Plaintiff ascertains their true names, he will amend this Complaint to state same.

III <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

9.     Plaintiff commenced employment with UPS, as a Loader, on or about March 3, 1986. He thereafter became employed as a Driver, and continued to perform that function until April 12, 2004, when sequellae from a 1997 industrial injury arising from his employment with UPS disabled Plaintiff from performing the function of Driver.

10.     Although Plaintiff was disabled from performing the job functions of a Driver due to his industrial injury and was pursuing his Worker's Compensation remedies, he was nonetheless released to perform modified work duty. Plaintiff sought such modified duties from UPS, which had positions then available for Plaintiff to occupy consistent with his disability and work restrictions, as a reasonable workplace accommodation.

11.     On December 7, 2005, Defendant Agenjo sought to terminate Plaintiff's employment, causing Plaintiff to employ an employer-employee grievance procedure and to formally seek, in writing on March 30, 2006, an alternative position with UPS, such as clerk, car washer or feeder, all in an effort to settle his dispute with UPS without Court intervention.

12.     On April 11, 2006, prior to the exhaustion of Plaintiff's grievance procedures, UPS, through Defendant Agenjo, issued a written notice of termination of Plaintiff's employment. Pursuant to the employer-employee grievance procedure, a hearing on Plaintiff's grievance was held on July 5, 2006, at which time Plaintiff was reinstated.

13.     Plaintiff promptly reported to work for UPS on July 6, 2006, but was denied any opportunity to work or perform any employment with UPS clerk, car washer or feeder. As it turned out, UPS had already issued and transmitted a letter dated July 5, 2006, through Defendant Muniz, notifying Plaintiff that his employment with UPS had been terminated, which Plaintiff received in the mail on July 6, 2006, after returning from his attempt to report to work at UPS for employment as a clerk, car washer or feeder.

14.     Plaintiff continued to pursue the employer-employee grievance procedure, and was advised that another hearing on his matter was set for April 20, 2007. However, on April 18, 2007, prior to the hearing, UPS transmitted another letter notifying Plaintiff that his employment with UPS had been terminated, which Plaintiff received in the mail on April 19, 2007.

-3-

15.    A further hearing on Plaintiff's grievance was eventually set for October 1, 2007. Believing that any further pursuit of his employer-employee grievance procedure was futile, and would only provide UPS with a basis to further delay Plaintiff's efforts to seek further legal redress in Superior Court, Plaintiff exhausted his administrative remedies with the DFEH, and on April 25, 2007, obtained a right to sue letter from the DFEH.

16.    Plaintiff's pursuit of his administrative remedies through his employer-employee grievance procedure was not only required prior to commencing any suit arising from his employment at UPS, but also part of an ongoing settlement process utilized by the parties in an effort to resolve Plaintiff's dispute without Court intervention.

17.    Plaintiff is informed and believes that UPS acted in bad faith with regard to the employer-employee grievance procedure, for the purpose of misleading Plaintiff and delaying Plaintiff's pursuit of his legal remedies under applicable civil law.

18.    Plaintiff is further informed and believes that any further pursuit of his administrative remedies through the employer-employee grievance procedure would be futile, and only serve to further prejudice Plaintiff in the pursuit of his legal rights.

19.    Under the totality of circumstances, Plaintiffs exhaustion of his administrative remedies, under both the terms of Plaintiff's employment and applicable law, was timely.

## IV.  CAUSES OF ACTION

Plaintiff asserts the following claims and causes of action against Defendants, and each of them:

### FIRST CAUSE OF ACTION
### [NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS]

20.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-19 of this Complaint.

21.    Defendants, and each of them, knew or in the exercise of reasonable care should have known that their wrongful conduct in terminating Plaintiff's employment would cause him to suffer wage loss/loss of earning capacity and mental/emotional distress. Defendants' conduct, as hereinabove alleged, breached their duty of care to Plaintiff, and was detrimental to Plaintiff.

-4-

22. As a direct and proximate result of Defendants' conduct as hereinabove alleged, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, in an amount exceeding the jurisdictional limits of this Court, to be established according to proof at trial.

### SECOND CAUSE OF ACTION
### [FEHA RETALIATION]

23. Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-22 of this Complaint.

24. Following Plaintiff's exercise of his lawful rights to seek a reasonable work accommodation pursuant to its own procedures and applicable law, Defendants retaliated against Plaintiff by terminating his employment with UPS in violation of the California Fair Employment and Housing Act.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

### THIRD CAUSE OF ACTION
### [FEHA DISCRIMINATION]

26. Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-25 of this Complaint.

24. In failing and refusing to provide Plaintiff with a reasonable accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law, Defendants unlawfully discriminated against Plaintiff in violation of the California Fair Employment and Housing Act.

25. Plaintiff is informed and believes that such discrimination against Plaintiff was motivated by an animus against Plaintiff arising out of or attributable to Plaintiff's race, ethnicity and/or disability.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

-5-

## FOURTH CAUSE OF ACTION
### [UNRUH ACT DISCRIMINATION -- CIV. CODE SECTION 51]

27.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-26 of this Complaint.

28.    Plaintiff is informed and believes that Defendants' conduct in failing and refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law, was motivated by an animus against Plaintiff arising out of or attributable to Plaintiff's race or ethnicity in violation of Plaintiffs rights under Cal. Civ. Code Section 51 and/or motivated by Plaintiff's physical disability in violation of Cal. Civ. Code Section 51.

29.    Defendants knew, or in the exercise of reasonable care should have known, that their conduct as alleged hereinabove would cause Plaintiff to suffer financial and emotional harm.

30.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

### FIFTH CAUSE OF ACTION
### [WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY]

31.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-30 of this Complaint.

32.    In terminating Plaintiff's employment Defendants acted in violation of the public policy of the State of California, embodied in Government Code 12960 et seq, Labor Code Section 139 and Civil Code Section 51, prohibiting retaliation against an employee for exercising his rights and prohibiting discrimination against an employee on account of his race or ethnicity.

33.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

///.

-6-

**SIXTH CAUSE OF ACTION**
**[INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS]**

34.    Plaintiff reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1-33 of this Complaint.

35.    Defendants, and each of them, engaged in the conduct alleged herein either with an intent to cause Plaintiff to suffer the severe emotional distress alleged herein, or with the belief and understanding that such distress was substantially certain to occur. Such conduct was extreme and outrageous, and was not privileged.

36.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

**SEVENTH CAUSE OF ACTION**
**[UNFAIR BUSINESS PRACTICES AS AGAINST DEFENDANT FUJITEC]**

37.    Plaintiffs reincorporate by reference as though fully set forth herein the allegations contained in paragraphs 1-36 of this Complaint.

38.    Defendant UPS is a business pursuant to B&P Code sections 17200 et seq.

39.    Defendants' conduct in failing and refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in violation of its own procedures and applicable law, constitutes and unfair/unlawful practice within the meaning of B&P Code sections 17200 et seq.

40.    Defendants knew, or in the exercise of reasonable care should have known, that the business practices alleged hereinabove would cause Plaintiff and others similarly situation to suffer financial and emotional harm.

41.    As a direct and proximate result of the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court to be established according to proof at trial.

-7-

1                     IV. <u>PUNITIVE DAMAGES ALLEGATIONS</u>

2       42.    . Plaintiff reincorporates by reference as though fully set forth herein the allegations

3 contained in paragraphs 1-41 of this Complaint.

4       43.      In perpetrating the conduct alleged hereinabove, Defendants, and each of them,

5 acted with malice, fraud and oppression as defined under Civ. Code Section 3294, and otherwise

6 sought to vex, annoy and injure Plaintiff in conscious disregard for her rights.

7       44.      Said conduct subjects Defendants, and each of them, to exemplary damages as

8 provided for under Civ. Code Section 3294 and other applicable law.

9                     V.   <u>PRAYER FOR RELIEF</u>

10       45.      WHEREFORE Plaintiff prays for relief as set forth hereinbelow, in amounts

11 according to proof at time of trial:

12         •      For economic damages consisting of lost income and earning capacity, in an
amount to be shown according to proof at trial;

13         •      For non-economic damages consisting of pain and suffering, shock, mortification,
humiliation, embarrassment, worry, anxiety and other forms of emotional distress,

14                in an amount to be shown according to proof at trial;

15         •      For restitution and/or disgorgement of profits as allowed by law;

16         •      For injunctive relief as allowed by law;

          •    For Reasonable Attorneys Fees and Costs of Suit;

17         •      For Prejudgment Interest as permitted by law;

18         •      For such other relief as the Court may deem proper and just.

19                 VI.   <u>DEMAND FOR JURY TRIAL</u>

20     Plaintiff hereby demands a jury trial in this matter.

21

22 Dated: October 30, 2007             MEHLMAN ❖ TERBEEK LLP

23

24                      By: _____

25                        Marc L. TerBeek

26                        Attorneys for Plaintiff

27

28

**EXHIBIT B**

COPY

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   E. JEFFREY GRUBE (SB# 167324)
2  KERRI N. HARPER (SB# 217377)
   ANNA L. CHU (SB# 243378)
3  55 Second Street
   Twenty-Fourth Floor
4  San Francisco, CA  94105-3441
   Telephone:  (415) 856-7000
5  Facsimile:  (415) 856-7100

6  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.

7

ENDORSED
FILED
ALAMEDA COUNTY

JAN 15 2008

CLERK OF THE SUPERIOR COURT
By __SUSAN ERICKSON__
                          Deputy

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10                  (SOUTHERN DIVISION – HAYWARD)

11

12  MARK HARRIS,                          CASE NO. RG07353967

13          Plaintiff,                    **DEFENDANT UNITED PARCEL
                                          SERVICE INC.'S ANSWER TO
14      vs.                               PLAINTIFF'S UNVERIFIED COMPLAINT**

15  UNITED PARCEL SERVICE, INC., an
    Ohio Corporation; Tony Agenjo; Kimberly
16  Muniz; and DOES ONE through ONE
    HUNDRED, inclusive,
17
            Defendants.
18

19

20  TO PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J.

21  MEHLMAN, MARC L. TERBEEK AND MEHLMAN AND TERBEEK:

22          Defendant UNITED PARCEL SERVICE, INC. ("UPS" or "Defendant"), for itself

23  alone and no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiff

24  MARK HARRIS ("Plaintiff") as follows:

25          1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

26  Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

27          2.      Defendant further denies, generally and specifically, that Plaintiff is

28  entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all,

LEGAL_US_W # 57948748.2

1  by reason of any act or omission on the part of Defendant, or any of its past or present agents,

2  representatives, or employees.

3         Without admitting any facts alleged by Plaintiff, Defendant also pleads the

4  following separate and affirmative defenses to the Complaint:

5  FIRST SEPARATE AND AFFIRMATIVE DEFENSE

6       3.    The Complaint, and each purported claim alleged therein, fail to state a

7  claim upon which relief can be granted.

8  SECOND SEPARATE AND AFFIRMATIVE DEFENSE

9       4.    The Complaint, and each of its causes of action, fail to state facts sufficient

10  to constitute a cause of action.

11  THIRD SEPARATE AND AFFIRMATIVE DEFENSE

12       5.    Plaintiff is estopped from pursuing the claims in the Complaint, and each

13  purported cause of action contained therein, by reason of Plaintiff's own actions and course of

14  conduct.

15  FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

16       6.    Plaintiff waived the right, if any, to pursue the Complaint, and each of its

17  causes of action, by reason of Plaintiff's own actions and course of conduct.

18  FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

19       7.    The Complaint, and each of its causes of action, are barred by the doctrine

20  of laches.

21  SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

22       8.    The Complaint, and each of its causes of action, are barred by the doctrine

23  of unclean hands.

24  SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

25       9.    The Complaint, and each purported cause of action contained therein, are

26  barred in whole or in part because Defendant had an honest, good faith belief that all decisions

27  with respect to Plaintiff's employment were made by Defendant solely for legitimate, business-

28  related reasons and were reasonably based upon the facts as Defendant understood them.

-2-

LEGAL_US_W # 57948748.2

1    EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

2          10.    The Complaint, and each of its causes of action, are barred, in whole or in

3    part, by the after-acquired evidence doctrine.

4    NINTH SEPARATE AND AFFIRMATIVE DEFENSE

5          11.    The Complaint, and each of its causes of action, are barred, in whole or in

6    part, by all applicable statutes of limitation, including but not limited to: CAL. GOV'T CODE §§

7    12960 *et seq.*; CAL. CIV. PROC. CODE §§ 340 and 335.1; CAL. BUS. & PROF. CODE § 17208; *Gatto*

8    *v. County of Sonoma*, 98 Cal. App. 4th 744, 758—59 (Cal. Ct. App. 2002).

9    TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10          12.    To the extent that Plaintiff makes allegations or claims under the Fair

11    Employment and Housing Act ("FEHA") with respect to a time period more than one year before

12    Plaintiff allegedly filed a complaint with the California Department of Fair Employment and

13    Housing ("DFEH"), or which were not made the subject of a timely DFEH complaint, they are

14    barred.  CAL. GOV'T CODE §§ 12900 *et seq.*

15    ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

16          13.    The Complaint, and each alleged cause of action contained therein, are

17    barred because Plaintiff failed to exhaust the administrative remedies as required and/or otherwise

18    failed to comply with all the statutory prerequisites to bring suit pursuant to the FEHA.  CAL.

19    GOV'T CODE §§ 12900 *et seq.*

20    TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

21          14.    To the extent Plaintiff makes allegations or claims under the FEHA that do

22    not reasonably fall within the scope of any claims made in any administrative complaints Plaintiff

23    filed with the DFEH, they are barred.

24    THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

25          15.    The Second and Third Causes of Action for disability discrimination and

26    retaliation in violation of FEHA are barred to the extent that any accommodation Plaintiff

27    requested constituted an undue hardship.

28

LEGAL_US_W # 57948748.2
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16.    The Second and Third Causes of Action for disability discrimination and retaliation in violation of FEHA are barred to the extent Plaintiff did not engage in the interactive process.

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17.    The Second and Third Causes of Action for disability discrimination and retaliation in violation of FEHA are barred because Defendant would have taken the same employment actions with regard to Plaintiff regardless of any disability.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18.    The Second and Third Causes of Action alleging FEHA violations are barred, in whole or in part, because Defendant exercised reasonable care to prevent and/or correct promptly any allegedly discriminatory or retaliatory behavior.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19.    The Second and Third Causes of Action arising under FEHA are barred because any treatment of Plaintiff or difference in treatment of Plaintiff as compared with other UPS employees was based solely on lawful factors other than disability.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20.    The Second, Third and Fourth Causes of Action are barred because any differential treatment of Plaintiff by Defendant was undertaken pursuant to a differential based on a *bona fide* factor other than race, ethnicity, or disability.

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

21.    The Fourth Cause of Action is barred because the Unruh Civil Rights Act does not apply to employer-employee relationships. *Alcorn v. Anbro,* (1970) 2 Cal. 3d 493, 500; *Rojo v. Kliger*, (1990) 52 Cal. 3d 65, 77.

TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

22.    The First, Fifth, and Sixth Causes of Action are barred because Plaintiff's exclusive remedy, if any, for the injuries alleged is governed by the California Workers' Compensation Act, California Labor Code section 3200 *et seq.*

-4-

1    TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

2          23.    To the extent the First, Fifth, and Sixth Causes of Action are based in

3    whole or in part upon any alleged physical or emotional injury or distress, Plaintiff is barred from,

4    and has waived any recovery for, any alleged physical or emotional injury or distress, to the

5    extent that Plaintiff has failed to pursue and exhaust her remedies, if any, under the California

6    Workers' Compensation Act.  CAL. LAB. CODE §§ 3600, *et. seq.*

7    TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

8          24.    The purported claim for violation of public policy is barred because

9    Plaintiff failed to exhaust the internal complaint procedures and/or other internal administrative

10    remedies made available to Plaintiff.

11    TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

12          25.    The Seventh Cause of Action for unfair business practices is barred, in

13    whole or in part, by reason of Defendant's compliance with all applicable laws, statutes and

14    regulations.

15    TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

16          26.    The Seventh Cause of Action for unfair business practices is barred

17    because the remedy under the California Business & Professions Code Section 17200, *et seq.,* for

18    such actions is limited to restitution and injunctive relief.

19    TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

20          27.    The Seventh Cause of Action is barred to the extent that restitution

21    damages under California Business and Professions Code Sections 17200, *et seq.* deny due

22    process, impinge upon procedural and substantive due process rights, and violate the United

23    States Constitution.

24    TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

25          28.    The Seventh Cause of Action under California Business and Professions

26    Code Sections 17200, *et seq.* is barred because Defendant engaged in conduct that constitutes a

27    lawful exercise of business judgment.

28

LEGAL_US_W # 57948748.2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

29.    Plaintiff has failed to mitigate or make reasonable efforts to mitigate his alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly.

TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

30.    Plaintiff may not recover damages in this action because, under the circumstances presented, that would constitute unjust enrichment.

TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

31.    Defendant is entitled to a setoff of any monetary damages Plaintiff recovers against Defendant herein. CAL. CIV. PROC. CODE § 431.70.

THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

32.    Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

(a)    Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud and/or malice. CAL. CIV. CODE § 3294(a); and/or

(b)    Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff or that Defendant was motivated by evil motive or intent; and/or

(c)    Neither Defendant, nor any managing agent of Defendant, committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others. CAL. CIV. CODE § 3294(b).

THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

33.    Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate Defendant's

-6-

1   constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the

2   United States Constitution, and the excessive fines and cruel and unusual punishment clauses of

3   the Eighth Amendment to the United States Constitution, as well as other provisions of the United

4   States Constitution and the California Constitution.

5                        THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

6           34.     Plaintiff may not recover punitive damages because, at all times relevant to

7   the Complaint, Defendant had in place a policy to prevent discrimination and retaliation in the

8   workplace and made good-faith efforts to implement and enforce that policy.

9           WHEREFORE, Defendant prays for judgment as follows:

10          1.      That Plaintiff take nothing by reason of his Complaint, that the Complaint

11  be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

12          2.      That Defendant be awarded its reasonable costs and attorneys' fees; and

13          3.      That Defendant be awarded such other and further relief as the Court

14  deems just and proper.

15  DATED: January __15__, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                         E. JEFFREY GRUBE
16                                       KERRI N. HARPER
                                         ANNA L. CHU
17

18                                       By: _____

19                                              ANNA L. CHU

20                                       Attorneys for Defendant
                                         UNITED PARCEL SERVICE, INC.
21

22

23

24

25

26

27

28

LEGAL_US_W # 57948748.2

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

On January 15, 2008, I served the foregoing document(s) described as:

**DEFENDANT UNITED PARCEL SERVICE, INC.'S**
**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Steven J. Mehlman, Esq.                    *Attorneys for Plaintiff*
Marc L. TerBeek, Esq.                      *Mark Harris*
Mehlman and TerBeek LLP
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
Telephone: (925) 935-3575
Facsimile: (925) 935-1789

☐ **VIA UPS OVERNIGHT MAIL:** By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☐ **VIA U.S. MAIL:** I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **VIA PERSONAL DELIVERY:** I personally caused to be delivered by Nationwide Legal such sealed envelope(s) by hand to the offices of the addressee(s) listed above on January 15, 2008.

☐ **VIA FACSIMILE:** The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on January 15, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 15, 2008, at San Francisco, California.

*Laura M. Raabe*
Laura M. Raabe

| ATTORNEY OR PARTY WITHOUT ATTORNEY (nam    Address) | FOR COURT USE ONLY |
|---|---|

E. JEFFREY GRUBE (SBN 167<br>KERRI N. HARPER (SBN 217377)<br>ANNA L. CHU (SBN 243378)<br>55 SECOND STREET<br>TWENTY-FOURTH FLOOR<br>SAN FRANCISCO, CA 94105-3441<br>**Attorney(s) for:** DEFENDANT, UNITED PARCEL SERVICE, INC.<br>Ref: 3010528

(415) 856-7000

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA (SOUTHERN DIVISION – HAYWARD)

MARK HARRIS
vs. UNITED PARCEL SERVICE, INC., an Ohio Corporation, et al.

| **PROOF OF SERVICE** | DATE: | TIME: | DEPT | CASE NUMBER:<br>RG07353967 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:
DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

2. a. Party served:        STEVEN J. MEHLMAN, ESQ., MARC L. TERBEEK, ESQ., MEHLEN AND TERBECK LLP

   b. Witness served:      MARY BARAZODO ACCEPTED SERVICE FOR STEVEN J. MEHLMAN, ESQ., MARC L.
                           TERBEEK, ESQ., MEHLEN AND TERBECK LLP

   c. Address:             2125 OAK GROVE ROAD, SUITE 125
                           WALNUT CREEK, CA 94598

3. I served the party named in item 2a. by personally delivering the copies to the person served as follows:

   (1) on:      01-15-08          (2) at:          4:15PM

4. I received this documents for service on (date):  JANUARY 15, 2008

5. Person serving:                                    a. Fee for service $
LUDEK A. POLCAK
NATIONWIDE LEGAL, INC.
1255 POST STREET, SUITE #500
SAN FRANCISCO, CALIFORNIA 94109
(415) 351-0400

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 15, 2008

Rule 982(a)(23) Judicial Council of California

PROOF OF SERVICE

**EXHIBIT C**

1   E. JEFFREY GRUBE (SB# 167324)
    KERRI N. HARPER (SB# 217377)
2   ANNA L. CHU (SB# 243378)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA 94105-3441
    Telephone: (415) 856-7000
5   Facsimile: (415) 856-7100

6   Attorneys for Defendants

7   UNITED PARCEL SERVICE, INC.
    TONY AGENJO, and
8   KIM MUNIZ

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF ALAMEDA

12                         (Hayward Division)

13  MARK HARRIS,                      CASE NO. RG07353967

14           Plaintiff,               DEFENDANT UNITED PARCEL SERVICE,
                                      INC.'S NOTICE OF ORAL DEPOSITION OF
15       vs.                          PLAINTIFF AND REQUEST TO PRODUCE
                                      DOCUMENTS AT DEPOSITION
16  UNITED PARCEL SERVICE, INC., an
    Ohio corporation, TONY AGENJO,
17  KIMBERLY MUNIZ, and DOES ONE      Hon. David Hunter
    through ONE HUNDRED, inclusive,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28
    Case No. RG07353967                DEF UNITED PARCEL SERVICE, INC.'S
                                       NOT OF DEPO OF PL AND REQ TO
                                       PRODUCE DOCS

1    TO PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J.

2    MEHLMAN, MARC L. TERBEEK, AND MEHLMAN & TERBEEK LLP:

3            PLEASE TAKE NOTICE that, pursuant to California Code of Civil Procedure

4    Section 2025.010 *et. seq.,* Defendant UNITED PARCEL SERVICE, INC. will take the deposition

5    of Plaintiff MARK HARRIS on March 5, 2008, beginning at 9:30 A.M., at the law offices of

6    Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco,

7    CA 94105. If the deposition is not completed on March 5, 2008, it will resume on a date set by

8    Defendant's further notice or mutual agreement of the parties.

9            The deposition will be taken upon oral examination before a notary public or other

10   person authorized by law to administer oaths and will be recorded stenographically, by Live

11   Notes, a computer interactive, real time system and will be videotaped pursuant to Sections

12   2025.220(a)(5) and 2025.340 of the California Code of Civil Procedure.

13           PLEASE TAKE FURTHER NOTICE, pursuant to California Code of Civil

14   Procedure Section 2025.220(a)(4), that Plaintiff is instructed to bring with him to said deposition

15   the categories of documents described in Exhibit "A," attached hereto and incorporated herein by

16   this reference. Alternatively, Plaintiff may comply with this requirement by delivering or mailing

17   the requested documents to Defendant at the address of its attorney, Anna L. Chu, Paul Hastings,

18   Janofsky & Walker LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco, California

19   94105, so long as the documents arrive at that address no later than the aforesaid date and time.

20   DATED: January _____, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        E. JEFFREY GRUBE
21                                      KERRI N. HARPER
                                        ANNA L. CHU
22

23

24   By: _____
                                 ANNA L. CHU
25
                                        Attorneys for Defendants
26                                      UNITED PARCEL SERVICE, INC.
                                        TONY AGENJO, and
27                                      KIM MUNIZ

28

Case No. RG07353967              -2-        DEF UNITED PARCEL SERVICE, INC.'S
                                            NOT OF DEPO OF PL AND REQ TO
                                            PRODUCE DOCS

EXHIBIT "A"

I.

DEFINITIONS AND INSTRUCTIONS

A. Definitions

1.  As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes, facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or his agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant.

2.  "UPS" or "DEFENDANT" refers to Defendant UNITED PARCEL SERVICE, INC. and/or to any past or present officers, directors, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

3.  "HARRIS" or "PLAINTIFF" refers to Plaintiff MARK HARRIS and/or his agents and/or representatives, past or present.

Case No. RG07353967                    -3-          DEF UNITED PARCEL SERVICE, INC.'S
                                                    NOT OF DEPO OF PL AND REQ TO
                                                    PRODUCE DOCS

1    4. "COMPLAINT" refers to PLAINTIFF's Complaint on file herein.

2    5. "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

3    conference, face-to-face conversation, telephone conversation, or conference or communication

4    used by any media, as well as any written, taped, or recorded communication of any kind

5    whatsoever.

6    B.  Instructions

7        1.  Documents Withheld

8            If any document is withheld under a claim of privilege or other protection, so as to

9    aid the Court and the parties hereto to determine the validity of the claim of privilege or other

10   protection, please provide the following information with respect to any such document:

11           a.  The identity of the person(s) who prepared the document, who signed it, and

12   over whose name it was sent or issued;

13           b.  The identity of each person(s) to whom the document was directed;

14           c.  The nature and substance of the document with sufficient particularity to

15   enable the Court and parties hereto to identify the document;

16           d.  The date of the document;

17           e.  The identity of each person(s) who has custody of, or control over, the

18   document and each copy thereof;

19           f.  The identity of each person to whom copies of the document were furnished;

20           g.  The number of pages;

21           h.  The basis on which any privilege or other protection is claimed; and

22           i.  Whether any non-privileged or non-protected matter is included in the

23   document.

24       2.  Partial Production

25           Whenever you object to a particular request, or portion thereof, you must produce

26   all documents called for which are not subject to that objection.  Similarly, wherever a document

27   is not produced in full, please state with particularity the reason or reasons it is not being

28   produced in full, and describe, to the best of your knowledge, information and belief and with as

Case No. RG07353967                    -4-        DEF UNITED PARCEL SERVICE, INC.'S
                                                  NOT OF DEPO OF PL AND REQ TO
                                                  PRODUCE DOCS

1   much particularity as possible, those portions of the document that are not produced.

2       3.  Orderly Response

3           Wherever it is reasonably practicable, please produce documents in such manner

4   as will facilitate their identification with the particular request or category of requests to which

5   they are responsive.

6       4.  Construction of "And" and "Or"

7           As used herein, the words "and" and "or" shall be construed both conjunctively

8   and disjunctively, and each shall include the other wherever such dual construction will serve to

9   bring within the scope of this Request any documents that would otherwise not be brought within

10  its scope.

11      5.  Construction of the Singular and Plural Forms

12          As used herein, the singular form shall include the plural and vice versa whenever

13  such dual construction will serve to bring within the scope of this Request any documents that

14  would otherwise not be brought within its scope.

15                          II.

16          DOCUMENTS REQUIRED TO BE PRODUCED

17      1.  Any and all DOCUMENTS:  (a) given to or received from the State of California

18  Department of Fair Employment and Housing; and/or (b) constituting, discussing, or otherwise

19  pertaining in any way to correspondence or other written or oral COMMUNICATIONS between

20  PLAINTIFF and said Department, which in either case, relate in any manner to any and all

21  complaints filed with said Department against DEFENDANT and/or to any and all matters

22  encompassed by the COMPLAINT or other pleadings herein.

23      2.  Any and all DOCUMENTS:  (a) given to or received from the United States Equal

24  Employment Opportunity Commission; and/or (b) constituting, discussing, or otherwise

25  pertaining in any way to correspondence or other written or oral COMMUNICATIONS between

26  PLAINTIFF and said Commission, which in either case, relate in any manner to any and all

27  charges filed with said Commission against DEFENDANT and/or to any and all matters

28  encompassed by the COMPLAINT or other pleadings herein.

Case No. RG07353967              -5-        DEF UNITED PARCEL SERVICE, INC.'S
                                            NOT OF DEPO OF PL AND REQ TO
                                            PRODUCE DOCS

1      3.  Any and all DOCUMENTS:  (a) given to or received from the California Workers'

2  Compensation Appeals Board, on or since the commencement of PLAINTIFF's association with

3  DEFENDANT; and/or (b) constituting, discussing, or otherwise pertaining in any way to

4  correspondence or other written or oral COMMUNICATIONS from the date of commencement

5  of association with DEFENDANT to the present, between PLAINTIFF and the California

6  Workers' Compensation Appeals Board; which, in either case, relate or pertain in any way to

7  workers' compensation benefits or efforts to obtain workers' compensation benefits.

8      4.  Any and all DOCUMENTS (a) given to or received from the State of California

9  Employment Development Department or the California Unemployment Insurance Appeals

10  Board, or (b) constituting, discussing or otherwise pertaining in any way to correspondence or

11  other written or oral COMMUNICATIONS between PLAINTIFF and said department or board,

12  that, in either case, relate or pertain in any manner to any claim for unemployment benefits,

13  unemployment benefits received, or to any and all matters encompassed by the COMPLAINT

14  herein.

15      5.  Any and all DOCUMENTS:  (a) given to any other local, state or federal agency,

16  office, department, or official, other than those named in Paragraphs 1, 2, 3 and 4 above; and/or

17  (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written

18  or oral COMMUNICATIONS between PLAINTIFF and any local, state or federal agency, office,

19  department, or official, other than those named in Paragraphs 1, 2, 3 and 4 above, which in either

20  case, relate in any manner to any and all matters encompassed by the COMPLAINT and/or other

21  pleadings herein.

22      6.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

23  any negligence/negligent infliction of emotional distress against PLAINTIFF by DEFENDANT.

24      7.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

25  any retaliation against PLAINTIFF by DEFENDANT.

26      8.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

27  any discrimination against PLAINTIFF by DEFENDANT.

28

Case No. RG07353967            -6-        DEF UNITED PARCEL SERVICE, INC.'S
                                          NOT OF DEPO OF PL AND REQ TO
                                          PRODUCE DOCS

1   9.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

2   any Unruh Act discrimination against PLAINTIFF by DEFENDANT.

3   10. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

4   any wrongful termination in violation of public policy against PLAINTIFF by DEFENDANT.

5   11. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

6   any intentional infliction of emotional distress against PLAINTIFF by DEFENDANT.

7   12. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

8   any unfair business practices against PLAINTIFF by DEFENDANT.

9   13. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

10   the allegations in Paragraph 3 of the COMPLAINT, specifically including, but not limited to,

11   DOCUMENTS supporting or relating to the allegation that: "Plaintiff, a United States and

12   California citizen of African American descent, was, at all times relevant to this action and up

13   until his effective termination, employed by Defendant UPS, most recently as a Driver."

14   14. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

15   the allegations in Paragraph 7 of the COMPLAINT, specifically including, but not limited to,

16   DOCUMENTS supporting or relating to the allegation that: "each of the defendants named

17   herein is an agent, employee or servant of the other defendants, and in committing the acts

18   alleged herein did so at the direction, and with the authorization and/or ratification of the other

19   defendants."

20   15. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

21   the allegations in Paragraph 8 of the COMPLAINT, specifically including, but not limited to,

22   DOCUMENTS supporting or relating to the allegation that: "DOE defendant is responsible in

23   some manner for the harm he has suffered by the conduct alleged herein."

24   16. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

25   the allegations in Paragraph 9 of the COMPLAINT, specifically including, but not limited to,

26   DOCUMENTS supporting or relating to the allegations that: (a) "Plaintiff commenced

27   employment with UPS, as a Loader, on or about March 3, 1986"; and (b) "[h]e thereafter became

28   employed as a Driver, and continued to perform that function until April 12, 2004, when

1  sequellae from a 1997 industrial injury arising from his employment with UPS disabled Plaintiff

2  from performing the function of Driver."

3       17. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4  the allegations in Paragraph 10 of the COMPLAINT, specifically including, but not limited to,

5  DOCUMENTS supporting or relating to the allegations that: (a) "[a]lthough Plaintiff was

6  disabled from performing the job functions of a Driver due to his industrial injury and was

7  pursuing his Worker's Compensation remedies, he was nonetheless released to perform modified

8  work duty"; and (b) "Plaintiff sought such modified duties from UPS, which had positions then

9  available for Plaintiff to occupy consistent with his disability and work restrictions, as a

10  reasonable workplace accommodation."

11       18. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

12  the allegations in Paragraph 11 of the COMPLAINT, specifically including, but not limited to,

13  DOCUMENTS supporting or relating to the allegation that: "[o]n December 7, 2005, Defendant

14  Agenjo sought to terminate Plaintiff's employment, causing Plaintiff to employ an employer-

15  employee grievance procedure and to formally seek, in writing on March 30, 2006, an alternative

16  position with UPS, such as clerk, car washer or feeder, all in an effort to settle his dispute with

17  UPS without Court intervention."

18       19. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

19  the allegations in Paragraph 12 of the COMPLAINT, specifically including, but not limited to,

20  DOCUMENTS supporting or relating to the allegations that: (a) "[o]n April 11, 2006, prior to the

21  exhaustion of Plaintiff's grievance procedures, UPS, through Defendant Agenjo, issued a written

22  notice of termination of Plaintiff's employment"; and (b) "[p]ursuant to the employer-employee

23  grievance procedure, a hearing on Plaintiff's grievance was held on July 5, 2006, at which time

24  Plaintiff was reinstated."

25       20. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

26  the allegations in Paragraph 13 of the COMPLAINT, specifically including, but not limited to,

27  DOCUMENTS supporting or relating to the allegations that: (a) "Plaintiff promptly reported to

28  work for UPS on July 6, 2006, but was denied any opportunity to work or perform any

1  employment with UPS clerk, car washer or feeder"; and (b) "[a]s it turned out, UPS had already

2  issued and transmitted a letter dated July 5, 2006, through Defendant Muniz, notifying Plaintiff

3  that his employment with UPS had been terminated, which Plaintiff received in the mail on July

4  6, 2006, after returning from, his attempt to report to work at UPS for employment as a clerk, car

5  washer or feeder."

6  　　　21. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7  the allegations in Paragraph 14 of the COMPLAINT, specifically including, but not limited to,

8  DOCUMENTS supporting or relating to the allegations that:  (a) "Plaintiff continued to pursue

9  the employer-employee grievance procedure, and was advised that another heating on his matter

10  was set for April 20, 2007"; and (b) "[h]owever, on April 18, 2007, prior to the hearing, UPS

11  transmitted another letter notifying Plaintiff that his employment with UPS had been terminated,

12  which Plaintiff received in the mail on April 19, 2007."

13  　　　22. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14  the allegations in Paragraph 15 of the COMPLAINT, specifically including, but not limited to,

15  DOCUMENTS supporting or relating to the allegations that:  (a) "[a] further hearing on Plaintiff's

16  grievance was eventually set for October l, 2007"; and (b) "[b]elieving that any further pursuit of

17  his employer-employee grievance procedure was futile, and would only provide UPS with a basis

18  to further delay Plaintiff's efforts to seek further legal redress in Superior Court, Plaintiff

19  exhausted his administrative remedies with the DFEH, and on April 25, 2007, obtained a right to

20  sue letter from the DFEH."

21  　　　23. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

22  the allegations in Paragraph 16 of the COMPLAINT, specifically including, but not limited to,

23  DOCUMENTS supporting or relating to the allegation that:  "Plaintiff's pursuit of his

24  administrative remedies through his employer-employee grievance procedure was not only

25  required prior to commencing any suit arising from his employment at UPS, but also part of an

26  ongoing settlement process utilized by the parties in an effort to resolve Plaintiff's dispute

27  without Court intervention."

28

1    24. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 17 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that: "UPS acted in bad faith with regard

4    to the employer-employee grievance procedure, for the purpose of misleading Plaintiff and

5    delaying Plaintiffs pursuit of his legal remedies under applicable civil law."

6    25. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7    the allegations in Paragraph 18 of the COMPLAINT, specifically including, but not limited to,

8    DOCUMENTS supporting or relating to the allegation that: "any further pursuit of his

9    administrative remedies through the employer-employee grievance procedure would be futile, and

10    only serve to further prejudice Plaintiff in the pursuit of his legal rights."

11    26. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

12    the allegations in Paragraph 19 of the COMPLAINT, specifically including, but not limited to,

13    DOCUMENTS supporting or relating to the allegation that: "[u]nder the totality of

14    circumstances, Plaintiffs exhaustion of his administrative remedies, under both the terms of

15    Plaintiffs employment and applicable law, was timely."

16    27. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

17    the allegations in Paragraph 21 of the COMPLAINT, specifically including, but not limited to,

18    DOCUMENTS supporting or relating to the allegation that: (a) "Defendants, and each of them,

19    knew or in the exercise of reasonable care should have known that their wrongful conduct in

20    terminating Plaintiff's employment would cause him to suffer wage loss/loss of earning capacity

21    and mental/emotional distress"; and (b) "Defendants' conduct, as hereinabove alleged, breached

22    their duty of care to Plaintiff, and was detrimental to Plaintiff."

23    28. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24    the allegations in Paragraph 22 of the COMPLAINT, specifically including, but not limited to,

25    DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

26    Defendants' conduct as hereinabove alleged, Plaintiff has suffered wage loss/loss of earning

27    capacity, and mental/emotional distress, in an amount exceeding the jurisdictional limits of this

28    Court."

1       29. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2   the allegations in Paragraph 24 of the COMPLAINT, specifically including, but not limited to,

3   DOCUMENTS supporting or relating to the allegation that: "[f]ollowing Plaintiff's exercise of

4   his lawful rights to seek a reasonable work accommodation pursuant to its own procedures and

5   applicable law, Defendants retaliated against Plaintiff by terminating his employment with UPS

6   in violation of the California Fair Employment and Housing Act."

7       30. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

8   the allegations in Paragraph 25 of the COMPLAINT, specifically including, but not limited to,

9   DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

10  Defendants' conduct, Plaintiff has suffered a wage loss/loss of earning capacity, and

11  mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

12      31. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13  the allegations in Paragraph 24 [sic] (page 5, lines 18-22) of the COMPLAINT, specifically

14  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "[i]n

15  failing and refusing to provide Plaintiff with a reasonable accommodation as required by its own

16  procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

17  violation of its own procedures and applicable law, Defendants unlawfully discriminated against

18  Plaintiff in violation of the California Fair Employment and Housing Act."

19      32. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20  the allegations in Paragraph 25 [sic] (page 5, lines 23-25) of the COMPLAINT, specifically

21  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "such

22  discrimination against Plaintiff was motivated by an animus against Plaintiff arising out of or

23  attributable to Plaintiff's race, ethnicity and/or disability."

24      33. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

25  the allegations in Paragraph 26 [sic] (page 5, lines 26-28) of the COMPLAINT, specifically

26  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "[a]s a

27  direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of

28

1 earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional

2 limits of this Court."

3      34. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4 the allegations in Paragraph 28 of the COMPLAINT, specifically including, but not limited to,

5 DOCUMENTS supporting or relating to the allegation that: "Defendants' conduct in failing and

6 refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own

7 procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

8 violation of its own procedures and applicable law, was motivated by an animus against Plaintiff

9 arising out of or attributable to Plaintiff's race or ethnicity in violation of Plaintiffs rights under

10 Cal. Civ. Code Section 51 and/or motivated by Plaintiff's physical disability in violation of Cal.

11 Civ. Code Section 51."

12      35. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13 the allegations in Paragraph 29 of the COMPLAINT, specifically including, but not limited to,

14 DOCUMENTS supporting or relating to the allegation that: "Defendants knew, or in the exercise

15 of reasonable care should have known, that their conduct as alleged hereinabove would cause

16 Plaintiff to suffer financial, and emotional harm."

17      36. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18 the allegations in Paragraph 30 of the COMPLAINT, specifically including, but not limited to,

19 DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

20 Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and

21 mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

22      37. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

23 the allegations in Paragraph 32 of the COMPLAINT, specifically including, but not limited to,

24 DOCUMENTS supporting or relating to the allegation that: "[i]n terminating Plaintiff's

25 employment Defendants acted in violation of the public policy of the State of California,

26 embodied in Government Code 12960 et seq, Labor Code Section 139 and Civil Code Section 51,

27 prohibiting retaliation against an employee for exercising his rights and prohibiting discrimination

28 against an employee on account of his race or ethnicity."

Case No. RG07353967      -12-     DEF UNITED PARCEL SERVICE, INC.'S
NOT OF DEPO OF PL AND REQ TO
PRODUCE DOCS

1      38. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2  the allegations in Paragraph 33 of the COMPLAINT, specifically including, but not limited to,

3  DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

4  Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and

5  mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

6      39. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7  the allegations in Paragraph 35 of the COMPLAINT, specifically including, but not limited to,

8  DOCUMENTS supporting or relating to the allegations that: (a) "Defendants, and each of them,

9  engaged in the conduct alleged herein either with an intent to cause Plaintiff to suffer the severe

10  emotional distress alleged herein, or with the belief and understanding that such distress was

11  substantially certain to occur"; and (b) "[s]uch conduct was extreme and outrageous, and was not

12  privileged."

13      40. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14  the allegations in Paragraph 36 of the COMPLAINT, specifically including, but not limited to,

15  DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

16  the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered [sic] wage

17  loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the

18  jurisdictional limits of this Court."

19      41. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20  the allegations in Paragraph 39 of the COMPLAINT, specifically including, but not limited to,

21  DOCUMENTS supporting or relating to the allegation that: "Defendants' conduct in failing and

22  refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own

23  procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

24  violation of its own procedures and applicable law, constitutes and unfair/unlawful practice

25  within the meaning of B&P Code sections 17200 et seq."

26      42. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

27  the allegations in Paragraph 40 of the COMPLAINT, specifically including, but not limited to,

28  DOCUMENTS supporting or relating to the allegation that: "Defendants knew, or in the exercise

1    of reasonable care should have known, that the business practices alleged hereinabove would

2    cause Plaintiff and others similarly situation to suffer financial and emotional harm."

3        43. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4    the allegations in Paragraph 41 of the COMPLAINT, specifically including, but not limited to,

5    DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

6    the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss

7    of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional

8    limits of this Court."

9        44. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

10   the allegations in Paragraph 43 of the COMPLAINT, specifically including, but not limited to,

11   DOCUMENTS supporting or relating to the allegation that: "[i]n perpetrating the conduct

12   alleged hereinabove, Defendants, and each of them, acted with malice, fraud and oppression as

13   defined under Civ. Code Section 3294, and otherwise sought to vex, annoy and injure Plaintiff in

14   conscious disregard for her rights."

15       45. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

16   the allegations in Paragraph 44 of the COMPLAINT, specifically including, but not limited to,

17   DOCUMENTS supporting or relating to the allegation that: "[s]aid conduct subjects Defendants,

18   and each of them, to exemplary damages as provided for under Civ. Code Section 3294 and other

19   applicable law."

20       46. Any and all DOCUMENTS that evidence, relate, pertain to or otherwise support the

21   damages and/or relief sought by PLAINTIFF in the prayer for relief in the COMPLAINT.

22       47. Any and all DOCUMENTS that evidence, relate, pertain to or otherwise support

23   PLAINTIFF's allegations of emotional and/or physical suffering and harm, including, but not

24   limited to:  (a) medical and/or psychological and/or counseling reports and/or other

25   DOCUMENTS that reflect the nature and/or extent of PLAINTIFF's injury or illness; (b) bills

26   reflecting the date of, nature of and/or amount paid for counseling, medical or psychological

27   treatment or diagnosis of PLAINTIFF; and/or (c) notes, correspondence or other DOCUMENTS

28   that reflect PLAINTIFF's need for, attempt to obtain, nature of and/or amount paid for

1  counseling, medical or psychological treatment or diagnosis. [Please note in accordance with this

2  Request that PLAINTIFF is required to produce all documents, which are within his possession,

3  custody or control, including all responsive documents in the possession of his agents, attorneys,

4  health care providers as defined by California Code of Civil Procedure Section 667.7(e)(3),

5  physicians as defined by the California Evidence Code, psychiatrists, psychologists, counselors,

6  and/or any other person(s) who may act on his behalf.]

7      48. Any and all DOCUMENTS that evidence, relate or otherwise pertain to conversations

8  or other COMMUNICATIONS with, or statements by DEFENDANT, or any present or former

9  employee, officer, or agent of DEFENDANT, establishing, supporting, refuting or relating in any

10  manner to any alleged negligence/negligent infliction of emotional distress, retaliation,

11  discrimination, Unruh Act discrimination, wrongful termination in violation of public policy,

12  intentional infliction of emotional distress, unfair business practices, or any other wrongful

13  conduct by DEFENDANT, its officers, employees or agents, or any of them, and/or relating in

14  any manner to any of the facts that PLAINTIFF contends establishes any claim, and/or relating in

15  any manner to any and all other matters encompassed by the COMPLAINT or other pleadings

16  herein.

17      49. Any and all DOCUMENTS that constitute, relate to, or in any manner pertain to notes

18  or other writings made by PLAINTIFF for his own use that establish, support, refute or relate in

19  any manner to any alleged negligence/negligent infliction of emotional distress, retaliation,

20  discrimination, UNRUH Act discrimination, wrongful termination in violation of public policy,

21  intentional infliction of emotional distress, unfair business practices, or any other alleged

22  wrongful conduct by DEFENDANT, its officers, employees or agents, or any of them, and/or

23  relate in any manner to any of the facts that PLAINTIFF contends establish any claim, and/or

24  relate in any manner to any and all other matters encompassed by the COMPLAINT or other

25  pleadings herein.

26      50. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any and all

27  employment of PLAINTIFF by any employer or self-employment prior to the employment of

28  PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

1  to resumes and/or other records of employment history; job applications and related

2  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

3  benefits and conditions of employment; employment contracts, if any; at-will employment

4  agreements; job title or status; applications for changes in job status; promotions; transfers; job

5  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

6  in job assignments and/or responsibilities, and placements and responses to said requests;

7  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

8  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

9  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

10  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

11  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

12  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

13  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

14  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

15  potential termination and/or other separation of employment; termination and/or other separation

16  from employment; employee handbooks; and employer policies and procedures.

17    51. Any and all other DOCUMENTS that evidence, relate or refer to any and all

18  employment of PLAINTIFF by any employer or self-employment during PLAINTIFF's

19  employment by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

20  to resumes and/or other records of employment history; job applications and related

21  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

22  benefits and conditions of employment; employment contracts, if any; at-will employment

23  agreements; job title or status; applications for changes in job status; promotions; transfers; job

24  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

25  in job assignments and/or responsibilities, and placements and responses to said requests;

26  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

27  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

28  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

1  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

2  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

3  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

4  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

5  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

6  potential termination and/or other separation of employment; termination and/or other separation

7  from employment; employee handbooks; and employer policies and procedures.

8      52. Any and all other DOCUMENTS that relate or refer to the employment of

9  PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

10  to resumes and/or other records of employment history; job applications and related

11  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

12  benefits and conditions of employment; employment contracts, if any; at-will employment

13  agreements; job title or status; applications for changes in job status; promotions; transfers; job

14  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

15  in job assignments and/or responsibilities, and placements and responses to said requests;

16  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

17  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

18  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

19  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

20  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

21  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

22  provided by DEFENDANT regardless of whether those benefits were actually obtained; benefits

23  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

24  potential termination and/or other separation of employment; termination and/or other separation

25  from employment; employee handbooks; and employer policies and procedures.

26      53. Any and all DOCUMENTS relating or referring to any and all attempts by

27  PLAINTIFF to obtain employment during and/or subsequent to his employment with

28  DEFENDANT, including, but not limited to, any and all DOCUMENTS relating to resumes

Case No. RG07353967                    -17-        DEF UNITED PARCEL SERVICE, INC.'S
                                                   NOT OF DEPO OF PL AND REQ TO
                                                   PRODUCE DOCS

1  and/or other records of employment history; job applications and related documentation;

2  negotiations regarding any aspect of employment; offers of employment; correspondence, notes,

3  memoranda and documents to and/or from any prospective employer from which employment

4  was sought regarding interviews, applications, offers of employment, rejections of applications

5  for employment, and reasons for PLAINTIFF's expected or actual departure from

6  DEFENDANT's employ.

7      54. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all

8  employment of PLAINTIFF by any employer or self-employment subsequent to the employment

9  of PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS

10  relating to resumes and/or other records of employment history; job applications and related

11  documentation; negotiations regarding any aspect of employment; offers of employment; terms,

12  benefits and conditions of employment; employment contracts, if any; at-will employment

13  agreements; job title or status; applications for changes in job status; promotions; transfers; job

14  requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

15  in job assignments and/or responsibilities, and placements and responses to said requests;

16  evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

17  responses to complaints; grievances, notes of grievance meetings or hearings, and results of

18  grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

19  earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

20  changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

21  other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

22  provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

23  statements; insurance-related documents; pension rights and benefits; seniority; threatened or

24  potential termination and/or other separation of employment; termination and/or other separation

25  from employment; employee handbooks; and employer policies and procedures.

26      55. The Federal and State Income Tax Returns, W-2 forms and all other DOCUMENTS

27  that evidence, relate or refer to the amount and source of income earned or received by

28

Case No. RG07353967                -18-        DEF UNITED PARCEL SERVICE, INC.'S
                                                NOT OF DEPO OF PL AND REQ TO
                                                PRODUCE DOCS

1  PLAINTIFF for the years April 2002, to the present, including, but not limited to, monies

2  received from self-employment, other employers, and/or the federal, state or local government.

3      56. Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any

4  other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other

5  formal or informal complaints, charges, grievances or other legal or equitable claims made by

6  PLAINTIFF, or made by others on PLAINTIFF's behalf, against an employer other than

7  DEFENDANT.

8      57. Any and all DOCUMENTS that refer or relate to any discussion(s) that PLAINTIFF

9  has had with any individual concerning (a) the fact that PLAINTIFF is suing DEFENDANT;

10  and/or (b) PLAINTIFF's claim or belief that DEFENDANT, or any of its partners, employees or

11  agents, harmed PLAINTIFF in any way.

12      58. All personal or business calendars, journals, diaries, notebooks, logs, appointment

13  books or the like, possessed or maintained by, or on behalf of, PLAINTIFF, from April 12, 2002,

14  to the present.

15      59. Any and all DOCUMENTS that in any manner constitute, discuss or otherwise relate

16  to any notes, writings, or other DOCUMENTS made by any person other than PLAINTIFF that

17  relate in any manner to PLAINTIFF's employment with DEFENDANT and/or to the allegations

18  in or any and all other matters encompassed by the COMPLAINT or other pleadings herein.

19      60. Any and all tape or video or other audio recordings containing any remarks,

20  conversation or speech by or about any past or present agent, employee or representative of

21  DEFENDANT.

22      61. Any and all DOCUMENTS not otherwise identified or otherwise referred to herein

23  that support or pertain in any way to the allegations in or any and all other matters encompassed

24  by the COMPLAINT or other pleadings herein.

25

26

27

28

Case No. RG07353967                  -19-          DEF UNITED PARCEL SERVICE, INC.'S
                                                    NOT OF DEPO OF PL AND REQ TO
                                                    PRODUCE DOCS

1

## PROOF OF SERVICE

2    I, the undersigned, state:

3    I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

4

5    On January 8, 2008, I served the foregoing document(s) described as:

6

**DEFENDANT UNITED PARCEL SERVICE, INC.'S**
**NOTICE OF ORAL DEPOSITION OF PLAINTIFF AND**
7    **REQUEST TO PRODUCE DOCUMENTS AT DEPOSITION**

8    on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

9

10   Marc L. TerBeek, Esq.                    *Attorneys for Plaintiff*
     Mehlman TerBeek LLP                       *Mark Harris*
11   2125 Oak Grove Road, Suite 125
     Walnut Creek, CA  94598
12   Telephone: (925) 935-3575
     Facsimile: (925) 935-1789

13

14   ☐   **VIA UPS OVERNIGHT MAIL:**  By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

15   ☐   **VIA U.S. MAIL:**  I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

18   ☒   **VIA PERSONAL DELIVERY:**  I personally caused to be delivered by Nationwide Legal such sealed envelope(s) by hand to the offices of the addressee(s) listed above.

19

20   ☐   **VIA FACSIMILE:**  The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on January 8, 2008.

21

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23   Executed on January 8, 2008, at San Francisco, California.

24

25                                              _____
                                                Cornelia M. Bell
26

27

28

LEGAL_US_W # 57870118.1

CASE NO. RG07353967                                          PROOF OF SERVICE

1   E. JEFFREY GRUBE (SB# 167324)
    KERRI N. HARPER (SB# 217377)
2   ANNA L. CHU (SB# 243378)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
5   Facsimile:  (415) 856-7100

6   Attorneys for Defendants

7   UNITED PARCEL SERVICE, INC.
    TONY AGENJO, and
8   KIM MUNIZ

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF ALAMEDA

12                        (Hayward Division)

13  MARK HARRIS,                        CASE NO. RG07353967

14            Plaintiff,               DEFENDANT UNITED PARCEL SERVICE,
                                       INC.'S FIRST REQUEST TO PLAINTIFF TO
15        vs.                          PRODUCE DOCUMENTS FOR COPYING
                                       AND INSPECTION
16  UNITED PARCEL SERVICE, INC., an
    Ohio corporation, TONY AGENJO,     Hon. David Hunter
17  KIMBERLY MUNIZ, and DOES ONE
    through ONE HUNDRED, inclusive,
18
            Defendants.
19

20

21  PROPOUNDING PARTY:      DEFENDANT UNITED PARCEL SERVICE, INC.

22  RESPONDING PARTY:       PLAINTIFF MARK HARRIS

23  SET NO.:                ONE

24

25

26

27

28
    CASE NO. RG07353967                        DEF UPS'S FIRST REQUEST TO
                                               PRODUCE DOCUMENTS

1    TO PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J.

2    MEHLMAN, MARC L. TERBEEK, AND MEHLMAN & TERBEEK LLP:

3            PLEASE TAKE NOTICE that pursuant to Section 2031.010 *et. seq.*, of the

4    California Code of Civil Procedure, Plaintiff MARK HARRIS ("Plaintiff") is hereby requested to

5    produce for inspection and copying the documents and tangible things described hereinbelow on

6    February 7, 2008, at 9:30 a.m., at the law offices of Paul, Hastings, Janofsky & Walker LLP, 55

7    Second Street, Twenty-Fourth Floor, San Francisco, CA 94105. Plaintiff may comply with this

8    Request by transmitting the documents and physical evidence by mail or overnight delivery

9    service so long as they arrive at the designated place by the aforestated date and time (Attention:

10   Anna L. Chu, Esq.).

11           In accordance with Section 2031.210 *et. seq.*, of the California Code of Civil

12   Procedure, Plaintiff also must serve within 30 days after service of this Request a verified written

13   response, responding separately to each item or category of item included in the Request by a

14   statement that Plaintiff will comply with the particular request for inspection, a representation that

15   Plaintiff lacks the ability to comply with the particular request, or an objection to the particular

16   request. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN VERIFIED

17   RESPONSE IN ACCORDANCE WITH SECTION 2031.210 WILL CONSTITUTE A WAIVER

18   BY PLAINTIFF OF ANY OBJECTION TO THIS REQUEST, INCLUDING ONE BASED ON

19   PRIVILEGE OR WORK PRODUCT.

20

21

22

23

24

25

26

27

28

I.

## DEFINITIONS AND INSTRUCTIONS

A. Definitions

    1.  As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, cassettes, discs, magnetic cards, printouts, letters, reports, summaries, compilations, chronicles, publications, books, manuals, handbooks, certificates, minutes, agenda, communications, contracts, agreements, telegrams, teletypes, facsimile, records, correspondence, diaries, calendars, appointment books, logs, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media and capable of being reproduced by printed representation of any form, whether or not ever printed out or displayed, photographs, pictures, diagrams, or any other writing, however produced or reproduced, and further including, without limitation, originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents whether or not used, within the possession, custody, and/or control of Plaintiff, or his agents, attorneys, physicians, psychologists, psychiatrists, counselors, and/or any other persons who may act on her behalf, excepting only those documents that are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant.

    2.  "UPS" or "DEFENDANT" refers to Defendant UNITED PARCEL SERVICE, INC. and/or to any past or present officers, directors, employees and/or agents of said named entity and/or all divisions, subsidiaries, parent, affiliated, related or predecessor companies, or any of them.

    3.  "HARRIS" or "PLAINTIFF" refers to Plaintiff MARK HARRIS and/or his agents and/or representatives, past or present.

    4.  "COMPLAINT" refers to PLAINTIFF's Complaint on file herein.

1    5.  "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting,

2  conference, face-to-face conversation, telephone conversation, or conference or communication

3  used by any media, as well as any written, taped, or recorded communication of any kind

4  whatsoever.

5  B.  Instructions

6      1.  Documents Withheld

7          If any document is withheld under a claim of privilege or other protection, so as to

8  aid the Court and the parties hereto to determine the validity of the claim of privilege or other

9  protection, please provide the following information with respect to any such document:

10          a.  The identity of the person(s) who prepared the document, who signed it, and

11  over whose name it was sent or issued;

12          b.  The identity of each person(s) to whom the document was directed;

13          c.  The nature and substance of the document with sufficient particularity to

14  enable the Court and parties hereto to identify the document;

15          d.  The date of the document;

16          e.  The identity of each person(s) who has custody of, or control over, the

17  document and each copy thereof;

18          f.  The identity of each person to whom copies of the document were furnished;

19          g.  The number of pages;

20          h.  The basis on which any privilege or other protection is claimed; and

21          i.  Whether any non-privileged or non-protected matter is included in the

22  document.

23      2.  Partial Production

24          Whenever you object to a particular request, or portion thereof, you must produce

25  all documents called for which are not subject to that objection.  Similarly, wherever a document

26  is not produced in full, please state with particularity the reason or reasons it is not being

27  produced in full, and describe, to the best of your knowledge, information and belief and with as

28  much particularity as possible, those portions of the document that are not produced.

3.  <u>Orderly Response</u>

Wherever it is reasonably practicable, please produce documents in such manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

4.  <u>Construction of "And" and "Or"</u>

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

5.  <u>Construction of the Singular and Plural Forms</u>

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

II.

<u>DOCUMENTS REQUIRED TO BE PRODUCED</u>

1.  Any and all DOCUMENTS: (a) given to or received from the State of California Department of Fair Employment and Housing; and/or (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written or oral COMMUNICATIONS between PLAINTIFF and said Department, which in either case, relate in any manner to any and all complaints filed with said Department against DEFENDANT and/or to any and all matters encompassed by the COMPLAINT or other pleadings herein.

2.  Any and all DOCUMENTS: (a) given to or received from the United States Equal Employment Opportunity Commission; and/or (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written or oral COMMUNICATIONS between PLAINTIFF and said Commission, which in either case, relate in any manner to any and all charges filed with said Commission against DEFENDANT and/or to any and all matters encompassed by the COMPLAINT or other pleadings herein.

1       3.  Any and all DOCUMENTS:  (a) given to or received from the California Workers'

2    Compensation Appeals Board, on or since the commencement of PLAINTIFF's association with

3    DEFENDANT; and/or (b) constituting, discussing, or otherwise pertaining in any way to

4    correspondence or other written or oral COMMUNICATIONS from the date of commencement

5    of association with DEFENDANT to the present, between PLAINTIFF and the California

6    Workers' Compensation Appeals Board; which, in either case, relate or pertain in any way to

7    workers' compensation benefits or efforts to obtain workers' compensation benefits.

8       4.  Any and all DOCUMENTS (a) given to or received from the State of California

9    Employment Development Department or the California Unemployment Insurance Appeals

10   Board, or (b) constituting, discussing or otherwise pertaining in any way to correspondence or

11   other written or oral COMMUNICATIONS between PLAINTIFF and said department or board,

12   that, in either case, relate or pertain in any manner to any claim for unemployment benefits,

13   unemployment benefits received, or to any and all matters encompassed by the COMPLAINT

14   herein.

15      5.  Any and all DOCUMENTS:  (a) given to any other local, state or federal agency,

16   office, department, or official, other than those named in Paragraphs 1, 2, 3 and 4 above; and/or

17   (b) constituting, discussing, or otherwise pertaining in any way to correspondence or other written

18   or oral COMMUNICATIONS between PLAINTIFF and any local, state or federal agency, office,

19   department, or official, other than those named in Paragraphs 1, 2, 3 and 4 above, which in either

20   case, relate in any manner to any and all matters encompassed by the COMPLAINT and/or other

21   pleadings herein.

22      6.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

23   any negligence/negligent infliction of emotional distress against PLAINTIFF by DEFENDANT.

24      7.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

25   any retaliation against PLAINTIFF by DEFENDANT.

26      8.  Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

27   any discrimination against PLAINTIFF by DEFENDANT.

28

1    9. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

2    any Unruh Act discrimination against PLAINTIFF by DEFENDANT.

3    10. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

4    any wrongful termination in violation of public policy against PLAINTIFF by DEFENDANT.

5    11. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

6    any intentional infliction of emotional distress against PLAINTIFF by DEFENDANT.

7    12. Any and all DOCUMENTS that constitute, evidence, relate to or otherwise pertain to

8    any unfair business practices against PLAINTIFF by DEFENDANT.

9    13. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

10   the allegations in Paragraph 3 of the COMPLAINT, specifically including, but not limited to,

11   DOCUMENTS supporting or relating to the allegation that: "Plaintiff, a United States and

12   California citizen of African American descent, was, at all times relevant to this action and up

13   until his effective termination, employed by Defendant UPS, most recently as a Driver."

14   14. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

15   the allegations in Paragraph 7 of the COMPLAINT, specifically including, but not limited to,

16   DOCUMENTS supporting or relating to the allegation that: "each of the defendants named

17   herein is an agent, employee or servant of the other defendants, and in committing the acts

18   alleged herein did so at the direction, and with the authorization and/or ratification of the other

19   defendants."

20   15. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

21   the allegations in Paragraph 8 of the COMPLAINT, specifically including, but not limited to,

22   DOCUMENTS supporting or relating to the allegation that: "DOE defendant is responsible in

23   some manner for the harm he has suffered by the conduct alleged herein."

24   16. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

25   the allegations in Paragraph 9 of the COMPLAINT, specifically including, but not limited to,

26   DOCUMENTS supporting or relating to the allegations that: (a) "Plaintiff commenced

27   employment with UPS, as a Loader, on or about March 3, 1986"; and (b) "[h]e thereafter became

28   employed as a Driver, and continued to perform that function until April 12, 2004, when

1    sequellae from a 1997 industrial injury arising from his employment with UPS disabled Plaintiff

2    from performing the function of Driver."

3    · 17. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4    the allegations in Paragraph 10 of the COMPLAINT, specifically including, but not limited to,

5    DOCUMENTS supporting or relating to the allegations that: (a) "[a]lthough Plaintiff was

6    disabled from performing the job functions of a Driver due to his industrial injury and was

7    pursuing his Worker's Compensation remedies, he was nonetheless released to perform modified

8    work duty"; and (b) "Plaintiff sought such modified duties from UPS, which had positions then

9    available for Plaintiff to occupy consistent with his disability and work restrictions, as a

10   reasonable workplace accommodation."

11        18. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

12   the allegations in Paragraph 11 of the COMPLAINT, specifically including, but not limited to,

13   DOCUMENTS supporting or relating to the allegation that: "[o]n December 7, 2005, Defendant

14   Agenjo sought to terminate Plaintiff's employment, causing Plaintiff to employ an employer-

15   employee grievance procedure and to formally seek, in writing on March 30, 2006, an alternative

16   position with UPS, such as clerk, car washer or feeder, all in an effort to settle his dispute with

17   UPS without Court intervention."·

18        19. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

19   the allegations in Paragraph 12 of the COMPLAINT, specifically including, but not limited to,

20   DOCUMENTS supporting or relating to the allegations that: (a) "[o]n April 11, 2006, prior to the

21   exhaustion of Plaintiff's grievance procedures, UPS, through Defendant Agenjo, issued a written

22   notice of termination of Plaintiff's employment"; and (b) "[p]ursuant to the employer-employee

23   grievance procedure, a hearing on Plaintiff's grievance was held on July 5, 2006, at which time

24   Plaintiff was reinstated."

25        20. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

26   the allegations in Paragraph 13 of the COMPLAINT, specifically including, but not limited to,

27   DOCUMENTS supporting or relating to the allegations that: (a) "Plaintiff promptly reported to

28   work for UPS on July 6, 2006, but was denied any opportunity to work or perform any

1  employment with UPS clerk, car washer or feeder"; and (b) "[a]s it turned out, UPS had already

2  issued and transmitted a letter dated July 5, 2006, through Defendant Muniz, notifying Plaintiff

3  that his employment with UPS had been terminated, which Plaintiff received in the mail on July

4  6, 2006, after returning from, his attempt to report to work at UPS for employment as a clerk, car

5  washer or feeder."

6      21. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7  the allegations in Paragraph 14 of the COMPLAINT, specifically including, but not limited to,

8  DOCUMENTS supporting or relating to the allegations that: (a) "Plaintiff continued to pursue

9  the employer-employee grievance procedure, and was advised that another heating on his matter

10  was set for April 20, 2007"; and (b) "[h]owever, on April 18, 2007, prior to the hearing, UPS

11  transmitted another letter notifying Plaintiff that his employment with UPS had been terminated,

12  which Plaintiff received in the mail on April 19, 2007."

13      22. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14  the allegations in Paragraph 15 of the COMPLAINT, specifically including, but not limited to,

15  DOCUMENTS supporting or relating to the allegations that: (a) "[a] further hearing on Plaintiff's

16  grievance was eventually set for October 1, 2007"; and (b) "[b]elieving that any further pursuit of

17  his employer-employee grievance procedure was futile, and would only provide UPS with a basis

18  to further delay Plaintiff's efforts to seek further legal redress in Superior Court, Plaintiff

19  exhausted his administrative remedies with the DFEH, and on April 25, 2007, obtained a right to

20  sue letter from the DFEH."

21      23. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

22  the allegations in Paragraph 16 of the COMPLAINT, specifically including, but not limited to,

23  DOCUMENTS supporting or relating to the allegation that: "Plaintiff's pursuit of his

24  administrative remedies through his employer-employee grievance procedure was not only

25  required prior to commencing any suit arising from his employment at UPS, but also part of an

26  ongoing settlement process utilized by the parties in an effort to resolve Plaintiff's dispute

27  without Court intervention."

28

1    24. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 17 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that: "UPS acted in bad faith with regard

4    to the employer-employee grievance procedure, for the purpose of misleading Plaintiff and

5    delaying Plaintiffs pursuit of his legal remedies under applicable civil law."

6    25. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7    the allegations in Paragraph 18 of the COMPLAINT, specifically including, but not limited to,

8    DOCUMENTS supporting or relating to the allegation that: "any further pursuit of his

9    administrative remedies through the employer-employee grievance procedure would be futile, and

10   only serve to further prejudice Plaintiff in the pursuit of his legal rights."

11   26. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

12   the allegations in Paragraph 19 of the COMPLAINT, specifically including, but not limited to,

13   DOCUMENTS supporting or relating to the allegation that: "[u]nder the totality of

14   circumstances, Plaintiffs exhaustion of his administrative remedies, under both the terms of

15   Plaintiffs employment and applicable law, was timely."

16   27. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

17   the allegations in Paragraph 21 of the COMPLAINT, specifically including, but not limited to,

18   DOCUMENTS supporting or relating to the allegation that:  (a) "Defendants, and each of them,

19   knew or in the exercise of reasonable care should have known that their wrongful conduct in

20   terminating Plaintiff's employment would cause him to suffer wage loss/loss of earning capacity

21   and mental/emotional distress"; and (b) "Defendants' conduct, as hereinabove alleged, breached

22   their duty of care to Plaintiff, and was detrimental to Plaintiff."

23   28. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

24   the allegations in Paragraph 22 of the COMPLAINT, specifically including, but not limited to,

25   DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

26   Defendants' conduct as hereinabove alleged, Plaintiff has suffered wage loss/loss of earning

27   capacity, and mental/emotional distress, in an amount exceeding the jurisdictional limits of this

28   Court."

1   29. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2   the allegations in Paragraph 24 of the COMPLAINT, specifically including, but not limited to,

3   DOCUMENTS supporting or relating to the allegation that: "[f]ollowing Plaintiff's exercise of

4   his lawful rights to seek a reasonable work accommodation pursuant to its own procedures and

5   applicable law, Defendants retaliated against Plaintiff by terminating his employment with UPS

6   in violation of the California Fair Employment and Housing Act."

7   30. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

8   the allegations in Paragraph 25 of the COMPLAINT, specifically including, but not limited to,

9   DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

10  Defendants' conduct, Plaintiff has suffered a wage loss/loss of earning capacity, and

11  mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

12  31. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13  the allegations in Paragraph 24 [sic] (page 5, lines 18-22) of the COMPLAINT, specifically

14  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "[i]n

15  failing and refusing to provide Plaintiff with a reasonable accommodation as required by its own

16  procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

17  violation of its own procedures and applicable law, Defendants unlawfully discriminated against

18  Plaintiff in violation of the California Fair Employment and Housing Act."

19  32. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20  the allegations in Paragraph 25 [sic] (page 5, lines 23-25) of the COMPLAINT, specifically

21  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "such

22  discrimination against Plaintiff was motivated by an animus against Plaintiff arising out of or

23  attributable to Plaintiff's race, ethnicity and/or disability."

24  33. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

25  the allegations in Paragraph 26 (sic) (page 5, lines 26-28) of the COMPLAINT, specifically

26  including, but not limited to, DOCUMENTS supporting or relating to the allegation that: "[a]s a

27  direct and proximate result of Defendants' conduct, Plaintiff has suffered wage loss/loss of

28

1  earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional

2  limits of this Court."

3      34. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4  the allegations in Paragraph 28 of the COMPLAINT, specifically including, but not limited to,

5  DOCUMENTS supporting or relating to the allegation that: "Defendants' conduct in failing and

6  refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own

7  procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

8  violation of its own procedures and applicable law, was motivated by an animus against Plaintiff

9  arising out of or attributable to Plaintiff's race or ethnicity in violation of Plaintiffs rights under

10  Cal. Civ. Code Section 51 and/or motivated by Plaintiff's physical disability in violation of Cal.

11  Civ. Code Section 51."

12      35. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

13  the allegations in Paragraph 29 of the COMPLAINT, specifically including, but not limited to,

14  DOCUMENTS supporting or relating to the allegation that: "Defendants knew, or in the exercise

15  of reasonable care should have known, that their conduct as alleged hereinabove would cause

16  Plaintiff to suffer financial, and emotional harm."

17      36. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

18  the allegations in Paragraph 30 of the COMPLAINT, specifically including, but not limited to,

19  DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

20  Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and

21  mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

22      37. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

23  the allegations in Paragraph 32 of the COMPLAINT, specifically including, but not limited to,

24  DOCUMENTS supporting or relating to the allegation that: "[i]n terminating Plaintiff's

25  employment Defendants acted in violation of the public policy of the State of California,

26  embodied in Government Code 12960 et seq, Labor Code Section 139 and Civil Code Section 51,

27  prohibiting retaliation against an employee for exercising his rights and prohibiting discrimination

28  against an employee on account of his race or ethnicity."

1    38. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

2    the allegations in Paragraph 33 of the COMPLAINT, specifically including, but not limited to,

3    DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

4    Defendants' conduct, Plaintiff has suffered wage loss/loss of earning capacity, and

5    mental/emotional distress, all in an amount exceeding the jurisdictional limits of this Court."

6    39. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

7    the allegations in Paragraph 35 of the COMPLAINT, specifically including, but not limited to,

8    DOCUMENTS supporting or relating to the allegations that: (a) "Defendants, and each of them,

9    engaged in the conduct alleged herein either with an intent to cause Plaintiff to suffer the severe

10   emotional distress alleged herein, or with the belief and understanding that such distress was

11   substantially certain to occur"; and (b) "[s]uch conduct was extreme and outrageous, and was not

12   privileged."

13   40. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

14   the allegations in Paragraph 36 of the COMPLAINT, specifically including, but not limited to,

15   DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

16   the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered [sic] wage

17   loss/loss of earning capacity, and mental/emotional distress, all in an amount exceeding the

18   jurisdictional limits of this Court."

19   41. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

20   the allegations in Paragraph 39 of the COMPLAINT, specifically including, but not limited to,

21   DOCUMENTS supporting or relating to the allegation that: "Defendants' conduct in failing and

22   refusing to provide Plaintiff with a reasonable workplace accommodation as required by its own

23   procedures and applicable law, and in seeking to terminate Plaintiff's employment with UPS in

24   violation of its own procedures and applicable law, constitutes and unfair/unlawful practice

25   within the meaning of B&P Code sections 17200 et seq."

26   42. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

27   the allegations in Paragraph 40 of the COMPLAINT, specifically including, but not limited to,

28   DOCUMENTS supporting or relating to the allegation that: "Defendants knew, or in the exercise

Case No. RG07353967                    -13-        DEF UPS'S FIRST REQUEST TO
                                                   PRODUCE DOCUMENTS

1    of reasonable care should have known, that the business practices alleged hereinabove would

2    cause Plaintiff and others similarly situation to suffer financial and emotional harm."

3        43. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

4    the allegations in Paragraph 41 of the COMPLAINT, specifically including, but not limited to,

5    DOCUMENTS supporting or relating to the allegation that: "[a]s a direct and proximate result of

6    the acts and omissions alleged herein, Plaintiff has suffered Plaintiff has suffered wage loss/loss

7    of earning capacity, and mental/emotional distress, all in an amount exceeding the jurisdictional

8    limits of this Court."

9        44. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

10   the allegations in Paragraph 43 of the COMPLAINT, specifically including, but not limited to,

11   DOCUMENTS supporting or relating to the allegation that: "[i]n perpetrating the conduct

12   alleged hereinabove, Defendants, and each of them, acted with malice, fraud and oppression as

13   defined under Civ. Code Section 3294, and otherwise sought to vex, annoy and injure Plaintiff in

14   conscious disregard for her rights."

15       45. Any and all DOCUMENTS which evidence, relate, pertain to, or otherwise support

16   the allegations in Paragraph 44 of the COMPLAINT, specifically including, but not limited to,

17   DOCUMENTS supporting or relating to the allegation that: "[s]aid conduct subjects Defendants,

18   and each of them, to exemplary damages as provided for under Civ. Code Section 3294 and other

19   applicable law."

20       46. Any and all DOCUMENTS that evidence, relate, pertain to or otherwise support the

21   damages and/or relief sought by PLAINTIFF in the prayer for relief in the COMPLAINT.

22       47. Any and all DOCUMENTS that evidence, relate, pertain to or otherwise support

23   PLAINTIFF's allegations of emotional and/or physical suffering and harm, including, but not

24   limited to:  (a) medical and/or psychological and/or counseling reports and/or other

25   DOCUMENTS that reflect the nature and/or extent of PLAINTIFF's injury or illness; (b) bills

26   reflecting the date of, nature of and/or amount paid for counseling, medical or psychological

27   treatment or diagnosis of PLAINTIFF; and/or (c) notes, correspondence or other DOCUMENTS

28   that reflect PLAINTIFF's need for, attempt to obtain, nature of and/or amount paid for

1  counseling, medical or psychological treatment or diagnosis. [Please note in accordance with this

2  Request that PLAINTIFF is required to produce all documents, which are within his possession,

3  custody or control, including all responsive documents in the possession of his agents, attorneys,

4  health care providers as defined by California Code of Civil Procedure Section 667.7(e)(3),

5  physicians as defined by the California Evidence Code, psychiatrists, psychologists, counselors,

6  and/or any other person(s) who may act on his behalf.]

7        48. Any and all DOCUMENTS that evidence, relate or otherwise pertain to conversations

8  or other COMMUNICATIONS with, or statements by DEFENDANT, or any present or former

9  employee, officer, or agent of DEFENDANT, establishing, supporting, refuting or relating in any

10  manner to any alleged negligence/negligent infliction of emotional distress, retaliation,

11  discrimination, Unruh Act discrimination, wrongful termination in violation of public policy,

12  intentional infliction of emotional distress, unfair business practices, or any other wrongful

13  conduct by DEFENDANT, its officers, employees or agents, or any of them, and/or relating in

14  any manner to any of the facts that PLAINTIFF contends establishes any claim, and/or relating in

15  any manner to any and all other matters encompassed by the COMPLAINT or other pleadings

16  herein.

17        49. Any and all DOCUMENTS that constitute, relate to, or in any manner pertain to notes

18  or other writings made by PLAINTIFF for his own use that establish, support, refute or relate in

19  any manner to any alleged negligence/negligent infliction of emotional distress, retaliation,

20  discrimination, UNRUH Act discrimination, wrongful termination in violation of public policy,

21  intentional infliction of emotional distress, unfair business practices, or any other alleged

22  wrongful conduct by DEFENDANT, its officers, employees or agents, or any of them, and/or

23  relate in any manner to any of the facts that PLAINTIFF contends establish any claim, and/or

24  relate in any manner to any and all other matters encompassed by the COMPLAINT or other

25  pleadings herein.

26        50. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any and all

27  employment of PLAINTIFF by any employer or self-employment prior to the employment of

28  PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

Case No. RG07353967                    -15-        DEF UPS'S FIRST REQUEST TO
                                                    PRODUCE DOCUMENTS

1   to resumes and/or other records of employment history; job applications and related

2   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

3   benefits and conditions of employment; employment contracts, if any; at-will employment

4   agreements; job title or status; applications for changes in job status; promotions; transfers; job

5   requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

6   in job assignments and/or responsibilities, and placements and responses to said requests;

7   evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

8   responses to complaints; grievances, notes of grievance meetings or hearings, and results of

9   grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

10   earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

11   changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

12   other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

13   provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

14   statements; insurance-related documents; pension rights and benefits; seniority; threatened or

15   potential termination and/or other separation of employment; termination and/or other separation

16   from employment; employee handbooks; and employer policies and procedures.

17       51. Any and all other DOCUMENTS that evidence, relate or refer to any and all

18   employment of PLAINTIFF by any employer or self-employment during PLAINTIFF's

19   employment by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

20   to resumes and/or other records of employment history; job applications and related

21   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

22   benefits and conditions of employment; employment contracts, if any; at-will employment

23   agreements; job title or status; applications for changes in job status; promotions; transfers; job

24   requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

25   in job assignments and/or responsibilities, and placements and responses to said requests;

26   evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

27   responses to complaints; grievances, notes of grievance meetings or hearings, and results of

28   grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

1   earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

2   changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

3   other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

4   provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

5   statements; insurance-related documents; pension rights and benefits; seniority; threatened or

6   potential termination and/or other separation of employment; termination and/or other separation

7   from employment; employee handbooks; and employer policies and procedures.

8       52. Any and all other DOCUMENTS that relate or refer to the employment of

9   PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS relating

10   to resumes and/or other records of employment history; job applications and related

11   documentation; negotiations regarding any aspect of employment; offers of employment; terms,

12   benefits and conditions of employment; employment contracts, if any; at-will employment

13   agreements; job title or status; applications for changes in job status; promotions; transfers; job

14   requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

15   in job assignments and/or responsibilities, and placements and responses to said requests;

16   evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

17   responses to complaints; grievances, notes of grievance meetings or hearings, and results of

18   grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

19   earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

20   changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

21   other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

22   provided by DEFENDANT regardless of whether those benefits were actually obtained; benefits

23   statements; insurance-related documents; pension rights and benefits; seniority; threatened or

24   potential termination and/or other separation of employment; termination and/or other separation

25   from employment; employee handbooks; and employer policies and procedures.

26       53. Any and all DOCUMENTS relating or referring to any and all attempts by

27   PLAINTIFF to obtain employment during and/or subsequent to his employment with

28   DEFENDANT, including, but not limited to, any and all DOCUMENTS relating to resumes

1 | and/or other records of employment history; job applications and related documentation;

2 | negotiations regarding any aspect of employment; offers of employment; correspondence, notes,

3 | memoranda and documents to and/or from any prospective employer from which employment

4 | was sought regarding interviews, applications, offers of employment, rejections of applications

5 | for employment, and reasons for PLAINTIFF's expected or actual departure from

6 | DEFENDANT's employ.

7 |      54. Any and all DOCUMENTS that evidence, relate to or otherwise pertain to any or all

8 | employment of PLAINTIFF by any employer or self-employment subsequent to the employment

9 | of PLAINTIFF by DEFENDANT, including, but not limited to, any and all DOCUMENTS

10 | relating to resumes and/or other records of employment history; job applications and related

11 | documentation; negotiations regarding any aspect of employment; offers of employment; terms,

12 | benefits and conditions of employment; employment contracts, if any; at-will employment

13 | agreements; job title or status; applications for changes in job status; promotions; transfers; job

14 | requirements; job assignments and/or responsibilities; requests for promotions, transfers, changes

15 | in job assignments and/or responsibilities, and placements and responses to said requests;

16 | evaluations and/or reviews of job performance; reprimands, warnings, discipline; complaints;

17 | responses to complaints; grievances, notes of grievance meetings or hearings, and results of

18 | grievance proceedings; investigations of PLAINTIFF's conduct; rates of pay, salary, wages,

19 | earnings, compensation, commissions, bonuses, or any other form of income or remuneration;

20 | changes in rates of pay, salary, wages, earnings, compensation, commissions, bonuses, or in any

21 | other form of income or remuneration; offers of benefits to be paid for (in whole or in part) or

22 | provided by the employer(s) regardless of whether those benefits were actually obtained; benefits

23 | statements; insurance-related documents; pension rights and benefits; seniority; threatened or

24 | potential termination and/or other separation of employment; termination and/or other separation

25 | from employment; employee handbooks; and employer policies and procedures.

26 |      55. The Federal and State Income Tax Returns, W-2 forms and all other DOCUMENTS

27 | that evidence, relate or refer to the amount and source of income earned or received by

28 |

1   PLAINTIFF for the years April 2002, to the present, including, but not limited to, monies

2   received from self-employment, other employers, and/or the federal, state or local government.

3       56. Any and all DOCUMENTS that in any way discuss, relate or otherwise pertain to any

4   other lawsuits filed by PLAINTIFF or filed by others on PLAINTIFF's behalf, or any other

5   formal or informal complaints, charges, grievances or other legal or equitable claims made by

6   PLAINTIFF, or made by others on PLAINTIFF's behalf, against an employer other than

7   DEFENDANT.

8       57. Any and all DOCUMENTS that refer or relate to any discussion(s) that PLAINTIFF

9   has had with any individual concerning (a) the fact that PLAINTIFF is suing DEFENDANT;

10  and/or (b) PLAINTIFF's claim or belief that DEFENDANT, or any of its partners, employees or

11  agents, harmed PLAINTIFF in any way.

12      58. All personal or business calendars, journals, diaries, notebooks, logs, appointment

13  books or the like, possessed or maintained by, or on behalf of, PLAINTIFF, from April 12, 2002,

14  to the present.

15      59. Any and all DOCUMENTS that in any manner constitute, discuss or otherwise relate

16  to any notes, writings, or other DOCUMENTS made by any person other than PLAINTIFF that

17  relate in any manner to PLAINTIFF's employment with DEFENDANT and/or to the allegations

18  in or any and all other matters encompassed by the COMPLAINT or other pleadings herein.

19      60. Any and all tape or video or other audio recordings containing any remarks,

20  conversation or speech by or about any past or present agent, employee or representative of

21  DEFENDANT.

22

23

24

25

26

27

28

1    61. Any and all DOCUMENTS not otherwise identified or otherwise referred to herein

2    that support or pertain in any way to the allegations in or any and all other matters encompassed

3    by the COMPLAINT or other pleadings herein.

4

5

6    DATED: January _8_, 2008        PAUL, HASTINGS, JANOFSKY & WALKER LLP

7                                    E. JEFFREY GRUBE
                                     KERRI N. HARPER

8                                    ANNA L. CHU

9

10   By:_____
                                              ANNA L. CHU

11                                   Attorneys for Defendants

12                                   UNITED PARCEL SERVICE, INC.
                                     TONY AGENJO, and

13                                   KIM MUNIZ

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Suite 2400, San Francisco, CA 94105.

On January 8, 2008, I served the foregoing document(s) described as:

**DEFENDANT UNITED PARCEL SERVICE, INC.'S FIRST
REQUEST TO PLAINTIFF TO PRODUCE DOCUMENTS
FOR COPYING AND INSPECTION**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Marc L. TerBeek, Esq.                     *Attorneys for Plaintiff*
Mehlman TerBeek LLP                       *Mark Harris*
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
Telephone: (925) 935-3575
Facsimile: (925) 935-1789

☐     **VIA UPS OVERNIGHT MAIL:** By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☐     **VIA U.S. MAIL:** I am readily familiar with Paul, Hastings, Janofsky & Walker LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     **VIA PERSONAL DELIVERY:** I personally caused to be delivered by Nationwide Legal such sealed envelope(s) by hand to the offices of the addressee(s) listed above.

☐     **VIA FACSIMILE:** The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to the facsimile numbers indicated above on January 8, 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 8, 2008, at San Francisco, California.

_____
Cornelia M. Bell

LEGAL_US_W # 57870118.1

CASE NO. RG07353967                                  PROOF OF SERVICE

**EXHIBIT D**

1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     E. JEFFREY GRUBE (SB# 167324)
2    KERRI N. HARPER (SB# 217377)
     ANNA L. CHU (SB# 243378)
3    55 Second Street
     Twenty-Fourth Floor
4    San Francisco, CA 94105-3441
     Telephone: (415) 856-7000
5    Facsimile: (415) 856-7100

6    Attorneys for Defendant
     UNITED PARCEL SERVICE, INC

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11   MARK HARRIS,                          CASE NO. RG07353967

12              Plaintiff,                 **NOTICE TO STATE COURT OF FILING
                                           NOTICE OF REMOVAL OF ACTION TO**
13       vs.                               **FEDERAL COURT**

14   UNITED PARCEL SERVICE, INC., an
     Ohio Corporation; Tony Agenjo; Kimberly
15   Muniz; and DOES ONE through ONE
     HUNDRED, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 57957897.1

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1   TO THE CLERK OF THIS COURT AND TO PLAINTIFF MARK HARRIS AND TO HIS

2   ATTORNEYS OF RECORD, STEVEN J. MEHLMAN, MARC L. TERBEEK, AND

3   MEHLMAN & TERBEEK LLP:

4           PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

5   the United States District Court for the Eastern District of California on January 16, 2008.  A true

6   and correct copy of the Notice of Removal, Declaration of Kerri N. Harper in Support of

7   Defendant's Notice of Removal, Defendant United Parcel Service, Inc.'s Certification as to

8   Interested Parties, and Proof of Service are attached to this Notice as Exhibit A, and are served

9   and filed herewith.

10

11  DATED:  January 16, 2008           PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                       E. JEFFREY GRUBE
12                                     KERRI N. HARPER
                                       ANNA L. CHU
13

14

15                                     By:_____

16                                            KERRI N. HARPER

17                                     Attorneys for Defendant
                                       UNITED PARCEL SERVICE, INC
18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 57957897.1

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**EXHIBIT E**

1   E. JEFFREY GRUBE (SB# 167324)
    KERRI N. HARPER (SB# 217377)
2   ANNA L. CHU (SB# 243378)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
3   55 Second Street
    Twenty-Fourth Floor
4   San Francisco, CA  94105-3441
    Telephone:  (415) 856-7000
5   Facsimile:  (415) 856-7100

6   Attorneys for Defendant
    UNITED PARCEL SERVICE, INC.
7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10

11  MARK HARRIS,                              Case No. RG07353967

12              Plaintiff,

13        vs.                                 **NOTICE TO ADVERSE PARTY OF
                                              REMOVAL TO FEDERAL COURT BY
14  UNITED PARCEL SERVICE, INC., an           DEFENDANT UNITED PARCEL
    Ohio Corporation; Tony Agenjo; Kimberly   SERVICE, INC.**
15  Muniz; and DOES ONE through ONE
    HUNDRED, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1    TO PLAINTIFF MARK HARRIS AND TO HIS ATTORNEYS OF RECORD, STEVEN J.

2    MEHLMAN, MARC L. TERBEEK, AND MEHLMAN & TERBEEK LLP:

3         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

4    States District Court for the Eastern District of California on January 16, 2008.  True and correct

5    copies of the Notice of Removal and Declaration are attached to this Notice, and is served and

6    filed herewith.

7

8    Dated: January ___16___, 2008                    PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                                       E. JEFFREY GRUBE
9                                                      KERRI N. HARPER

10

11                                                     By: _____
                                                            KERRI N. HARPER
12

13                                                     Attorneys for Defendant
                                                       UNITED PARCEL SERVICE, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT  F**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                         ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



April 25, 2007


MARK HARRIS
820 BRIDGE ROAD
San Leandro, CA 94577

RE:   E200607M1384-00-ampe/37AA708319
      HARRIS/UNITED PARCEL SERVICE

Dear MARK HARRIS:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Processing Waived To Another Agency.

Please be advised that this recommendation has been accepted and the case has been closed effective April 25, 2007.

This letter is also your Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54.  The civil action must be filed within one year from the date of this letter.  However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.  If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:    Case File

DENISE GASTI
Dist. Labor Relation Manager
UNITED PARCEL SERVICE
8400 Pardee Dr.
Oakland, CA 94603

DFEH-200-08e (06/06)
MLONGINS

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH -200607-M-1384-00-ampe |
| --- | --- |
| | EEOC # 37AA708319 |

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

COMPLAINANT'S NAME (indicate Mr. or Ms.)
MR. HARRIS, MARK S.

ADDRESS
820 Bridge Road

TELEPHONE NUMBER (INCLUDE AREA CODE)
510-938-2682

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
| --- | --- | --- | --- | --- |
| San Leandro | CA. | 94577 | Alameda | 001 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
UNITED PARCEL SERVICE

ADDRESS
8400 Pardee Dr.

TELEPHONE NUMBER (INCLUDE AREA CODE)
510-633-3975

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
| --- | --- | --- | --- | --- |
| Oakland | CA. | 94603 | Alameda | 001 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☒ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION
☐ COLOR   ☒ AGE   ☐ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics)   ☐ OTHER (SPECIFY)

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 07/05/2006 | RESPONDENT CODE: |
| --- | --- | --- |
| 5000 | | 73 |

THE PARTICULARS ARE:

I.   On July 5, 2006, I was terminated. On March 3, 1986, I was hired as a Loading on Loading position. At the time of my termination as a Driver, I was earning $25.50 per hour.

II.   I was told by Kim Muniz, Oakland Metro Division Manager," Absence due to sickness or injury will not exceed two (2) years unless extended by written consent of the Union and the Employer. You do not have such an extension."

III.   I believe that I was terminated because of my disability (traumatic arthritis left/toe), age (41), and race (African American). My belief is based on the following:

A.   On July 5, 2006, I went to a hearing. I was given my job back due to an untimely discharged.

B.   On July 6, 2006, I reported to work. I punched in (time clock) at the United Postal Service Center in Oakland. I was told by Kim Muniz, Oakland Metro Division Manager, "no position available."

C.   On July 6, 2006, I received a letter via mail dated July 5, 2006, from Kim Muniz, Oakland Metro Division Manager, stating I was terminated.

Typed and mailed for signature on April 24, 2007.

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  4/24/07

At  Oakland
        City

*Mark S. Harris*
COMPLAINANT'S SIGNATURE
RECEIVED

DFEH-300-01 (12/99)        O:SL:sa
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: Apr 24, 2007
APR 2 4 2007

STATE OF CALIFORNIA

Department of Fair
Employment and Housing
Oakland District Office

STATE OF CALIFORNIA - STATE AND CONSUMER SER.    AGENCY                                           ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



April 25, 2007

DENISE GASTI
Dist. Labor Relation Manager
UNITED PARCEL SERVICE
8400 Pardee Dr.
Oakland, CA  94603

RE:  E200607M1384-00-ampe/37AA708319
     HARRIS/UNITED PARCEL SERVICE

Dear DENISE GASTI:

## NOTICE OF FILING OF DISCRIMINATION COMPLAINT

Enclosed  is a copy of a complaint that has been filed with the Department of Fair
Employment and Housing in accordance with California Government Code sections
12960 and/or 12980.  This constitutes service of the complaint pursuant to
Government Code sections 12962 and/or 12986.

This agency does not request any action by you at this time.  You will be notified
by the Department when any further official action is taken.

Sincerely,

*Sharon Longino /SA*

SHARON LONGINO
Consultant
Telephone Number: 510-622-2989

Enclosures
CERTIFIED MAIL: RETURN RECEIPT REQUESTED

DFEH-200-05 (06/98)