IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK HARRIS,

    Plaintiff,

  v.

UNITED PARCEL SERVICE, INC., et al.,

    Defendants.

No. C-08-0315 MMC

**ORDER OF REMAND**

    Before the Court is the stipulation, filed February 13, 2008 by plaintiff Mark Harris and defendant United Parcel Service, Inc. ("UPS"), to stay the above-titled action pending the California Supreme Court's resolution of the issue of whether an individual supervisor may be held personally liable to an employee, under the California Fair Employment and Housing Act ("FEHA"), for retaliation.

    Removal jurisdiction in the instant case is based on diversity of citizenship; in particular, defendant UPS asserts that two of the named defendants, both of whom are supervisors and alleged to be citizens of the state of California, are fraudulently joined.

    "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of diversity, [i]f the plaintiff fails to state a

1  cause of action against [such] defendant, and the failure is obvious according to the settled
2  rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)
3  (internal quotation and citation omitted).  The propriety of removal jurisdiction is determined
4  as of the time the complaint is filed and the time of removal.  See Strotek Corp. v. Air
5  Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

6        Here, both at the time the complaint was filed and at the time of removal, there was
7  no settled rule precluding a finding, under FEHA, of personal liability against a supervisor
8  for retaliation.  Compare Jones v. Lodge at Torrey Pines P'ship, 147 Cal.App.4th 475, 504
9  (2007) (holding individual supervisor can be held liable for retaliation under FEHA), with
10  Reno v. Baird, 18 Cal.4th 640, 663 (1998) (holding "individuals who do not themselves
11  qualify as employers may not be sued under the FEHA for alleged discriminatory acts");
12  see Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1288 (9th
13  Cir. 2001) (holding individual supervisor may be held personally liable for retaliation under
14  FEHA).[1]  Indeed, the parties' stipulation, by its very nature, makes the point as well.

15        Subject matter jurisdiction is not subject to stipulation or waiver, see, e.g., Bender v.
16  Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (holding parties' stipulation can
17  not confer subject matter jurisdiction), and, "[i]f at any time before final judgment it appears
18  that the district court lacks subject matter jurisdiction, the case shall be remanded," see 28
19  U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (finding
20  § 1447(c) permits district court to remand sua sponte).

21        Accordingly, there being no dispute that the law is unsettled with respect to a
22  supervisor's liability for retaliation under FEHA, the Court finds the joinder of the non-

---

[1] Contrary to UPS's assertion in its notice of removal, UPS has failed to show the allegations in the complaint are insufficient to state a claim against plaintiffs' supervisors for retaliation under FEHA, let alone that plaintiff could not, if necessary, augment such allegations to state such a claim.  (See Compl. ¶¶ 10, 11 (alleging retaliation by defendants, under FEHA, based on plaintiff's use of UPS's grievance procedures in connection with plaintiff's request for "disability" accommodation); id. ¶¶ 23, 24 (incorporating prior paragraphs by reference and alleging termination by "[d]efendants" in retaliation for "exercise of . . . lawful rights")); see also Cal. Code Civ. Proc. § 452 (providing allegations in complaint "must be liberally construed"); Fed. R. Civ. P. 8 (requiring "short and plain statement" of claim).

1 | diverse defendants is not fraudulent and hereby REMANDS the above-titled action to the
2 | California Superior Court, for the County of Alameda, pursuant to 28 U.S.C. § 1447(c).
3 | **IT IS SO ORDERED.**
4 | Dated: February 22, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3