1  E. JEFFREY GRUBE (SB# 167324) jeffgrube@paulhastings.com
   KERRI N. HARPER (SB# 217377) kerriharper@paulhastings.com
2  ANNA L. CHU (SB# 243378) annachu@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
3  55 Second Street, 24th Floor
   San Francisco, CA 94105-3441
4  Telephone (415) 856-7000
   Facsimile (415) 856-7100
5
   Attorneys for Defendants
6  UNITED PARCEL SERVICE, INC., TONY AGENJO, and
   KIMBERLY MUNIZ
7

8

9                         UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MARK HARRIS, | CASE NO. C-08-0315 MMC |
| 13           Plaintiff, | **NOTICE OF MOTION AND ADMINISTRATIVE MOTION OPPOSING DESIGNATION OF *HARRIS I* (CASE NO. C-08-0315 MMC) AND *HARRIS II* (CASE NO. C-08-01810 JSW) AS RELATED** |
| 14      vs. | |
| 15  UNITED PARCEL SERVICE, INC., an Ohio Corporation; TONY AGENJO; KIMBERLY MUNIZ; and DOES 1 through ONE HUNDRED, inclusive, | |
| 16 | |
| 17 | [NDCA CIVIL LOCAL RULE 3-12] |
|     Defendants. | |
| 18 | |
| 19  MARK HARRIS, | CASE NO. C-08-01810 JSW |
| 20           Plaintiff, | |
| 21      vs. | |
| 22  UNITED PARCEL SERVICE, INC., an Ohio Corporation; TONY AGENJO; KIMBERLY MUNIZ; and DOES 1 through ONE HUNDRED, inclusive, | |
| 23 | |
| 24 | |
|     Defendants. | |
| 25 | |

26

27

28

Case No. C-08-0315 MMC

ADMINISTRATIVE MOT. OPPOSING
DESIGNATION OF CASES AS RELATED

1       TO THE HONORABLE MAXINE M. CHESNEY AND THE HONORABLE JEFFREY S. WHITE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF MARK HARRIS AND HIS ATTORNEYS OF RECORD, STEVEN J. MEHLMAN, MARC L. TERBEEK, AND MATTHEW M. OLIVERI OF MEHLMAN-TERBEEK, LLP:

      PLEASE TAKE NOTICE that Defendants United Parcel Service, Inc. ("UPS"), Tony Agenjo, and Kim Muniz ("Defendants") in *Mark Harris v. United Parcel Service, Inc., et al.*, Case No. C-08-0315 MMC ("*Harris I*"), and *Mark Harris v. United Parcel Service, Inc., et al.*, Case No. C-08-01810 JSW ("*Harris II*"), hereby move the Court for an Order holding that *Harris I* and *Harris II* are not related pursuant to Civil Local Rule 3-12(a). *Harris I* and *Harris II* should be not designated as related because there is little to no likelihood that there will be an unduly burdensome duplication of labor and expense or conflicting results if *Harris II* is conducted before a different Judge. Defendants base their Motion on this Notice of Motion, Administrative Motion Opposing Designation of *Harris I* (Case No. C-08-0315 MMC) and *Harris II* (Case No. C-08-1810 JSW) As Related, the Stipulation That Cases Are Not Related, Pursuant To Northern District Of California Civil Local Rule 3-12, the papers and records on file in this case, and on such oral and documentary evidence as the parties may present at the hearing of the motion.

DATED: April 9, 2008

E. JEFFREY GRUBE
KERRI N. HARPER
ANNA L. CHU

PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:      /s/ Kerri N. Harper
               KERRI N. HARPER

Attorneys for Defendants
UNITED PARCEL SERVICE, INC., TONY AGENJO,
AND KIMBERLY MUNIZ

Case No. C-08-0315 MMC     -1-    ADMINISTRATIVE MOT. OPPOSING DESIGNATION OF CASES AS RELATED

## ADMINISTRATIVE MOTION TO CONSIDER CASES RELATED

On April 7, 2008, the Honorable Judge Jeffrey S. White issued a *Sua Sponte* Judicial Referral for Purposes of Determining Relationship of Cases ("Order") referring the matter entitled *Mark Harris v. United Parcel Service, Inc., et al.*, Case No. C-08-01810 JSW ("*Harris II*"), to the Honorable Judge Maxine M. Chesney to determine whether it is related to the matter entitled *Mark Harris v. United Parcel Service, Inc., et al.*, Case No. C-08-0315 MMC ("*Harris I*"). Pursuant to Civil Local Rule 3-12 of the United States District Court, Northern District of California, Defendants United Parcel Service, Inc., Tony Agenjo, and Kimberly Muniz (collectively "Defendants") file this response to the Order opposing designation of *Harris I* and *Harris II* as related because there is little to no likelihood that there will be an unduly burdensome duplication of labor and expense or conflicting results if *Harris II* is conducted before a different Judge.

## RELATIONSHIP BETWEEN THE ACTIONS

Northern District of California Civil Local Rule 3-12 ("Rule 3-12") provides that "[a]n action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; **and** (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. L.R. 3-12(a) (emphasis added). The parties have stipulated that *Harris I* and *Harris II* are not related.

Although *Harris I* and *Harris II* involve the exact same parties—Plaintiff Mark Harris and Defendants UPS, Muniz, and Agenjo—and similar claims, it is not likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if *Harris II* is conducted before a different judge as *Harris I*. Here, *Harris I* and *Harris II* were removed from the state court case filed in the Superior Court of California for the County of Alameda entitled *Mark Harris v. United Parcel Service, Inc., et al.*, Case No. RG-07-353967. UPS removed *Harris I* based on the fraudulent joinder of Agenjo and Muniz in Plaintiff's original Complaint. Judge Chesney remanded the case after receiving a stipulation from the parties to stay the case pending a written decision from the California Supreme Court in *Jones v. Lodge at*

1  *Torrey Pines*, Case No. S151022, which would decide whether individuals are liable for
2  retaliation in violation of California's Fair Employment and Housing Act ("FEHA"). Judge
3  Chesney found that the joinder of Agenjo and Muniz was not fraudulent because the law was
4  unsettled as to whether individuals were liable for retaliation under FEHA. *Harris I*, No. C-08-
5  0315 (N.D. Cal. Feb. 22, 2008) (order remanding case to superior court) ("Remand Order"). The
6  Remand Order did not examine any other factual or legal issue in the case. Additionally, the
7  Parties had not filed any motions in *Harris I* at the time of remand. Defendants removed *Harris
8  II* based upon Plaintiff's First Amended Complaint ("FAC"), filed on March 5, 2008. With the
9  exception of attempting to coordinate Plaintiff's deposition and document production, no other
10 legal proceedings have occurred in *Harris I* or *Harris II*.

11 Because *Harris I* was remanded at such an early stage in litigation and was
12 remanded based solely on one narrow issue, there is little to no likelihood that there will be an
13 unduly burdensome duplication of labor and expense or conflicting results if *Harris II* is
14 conducted before a different Judge. Thus, the cases do not meet the requirements of Civil Local
15 Rule 3-12(a)(2) and should not be designated as related.

## TREATMENT OF *HARRIS II*

Based on the foregoing, Defendants ask the Court for an order holding that *Harris
I* and *Harris II* are not related pursuant to Civil Local Rule 3-12(a), and providing that *Harris II*
shall remain with the Honorable Jeffrey S. White.

DATED: April 9, 2008

E. JEFFREY GRUBE
KERRI N. HARPER
ANNA L. CHU

PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: /s/ Kerri N. Harper
KERRI N. HARPER

Attorneys for Defendants
UNITED PARCEL SERVICE, INC., TONY AGENJO,
AND KIMBERLY MUNIZ